A89A0615. DYER v. JOE RIGATONI'S OF ATLANTA, INC. et al.
(382 SE2d 193)

Banke, Presiding Judge.

The appellant sued to recover for injuries she allegedly sustained as the result of a fall which occurred at a restaurant owned by the appellees. She appeals the grant of the appellees' motion for summary judgment.

On December 31, 1986, the appellant attended a New Year's Eve celebration at the appellees' restaurant. She and the other members of her party arrived at approximately 9:30 p.m. and were seated in an elevated atrium area. At approximately 11:00 p.m., she observed the appellees' staff distributing paper streamers, balloons, hats, and other party favors to those present. She testified that she observed guests throwing streamers and bursting balloons and that she saw streamers "lying around" on the floor, "on the table," "on the back of the seat," and "around people's necks." She stated that subsequently, after having consumed an alcoholic beverage, she left the table and began to walk toward the rest room and that as she started to descend the three stairs leading from the atrium to the lower level, she slipped and fell on a streamer. Upon being asked whether this streamer was in plain view, she responded, "I guess if you was (sic) looking down and looking on the floor it would have been quite obvious to see. But I wasn't —." She further testified: "I didn't pay any attention to what was going on the floor before I fell. Because I wasn't looking at the floor." Held:

The trial court did not err in granting summary judgment to the appellees. " ' "The true ground of liability of the owner of property to an individual who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. . . . (N)ot only must the plaintiff show that the defendant had knowledge of the presence (of the hazard) *but the plaintiff must also show that he was without knowledge of its presence.*" Alterman Foods v. Ligon, 246 Ga. 620, 622-623 (272 SE2d 327) (1980). (Emphasis supplied.) Thus, recovery is allowed only when the peril is known to the owner and not to the person injured. [Cit.]' " *Miolen v. Edd Kirby Chevrolet*, 189 Ga. App. 282, 283

(375 SE2d 266) (1988).

It is apparent without dispute from the appellant's own testimony that she had fully as much reason to anticipate the presence of the streamer as did the appellee. Under the circumstances, there is no basis upon which the appellee can be held liable for her injury. Compare *Oliver v. Complements, Ltd.*, 190 Ga. App. 30 (364 SE2d 852) (1989) (where the injury resulted from the owner's alleged negligence in allowing a stairway to exist in a state of advanced disrepair).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*McLain & Merritt, Howard M. Lessinger, David James*, for appellant.

*Pierce, Goldner, Sommers & Scrudder, Stephen L. Goldner, Alfred A. Quillian, Jr.*, for appellees.