A89A1840. ABRAHAMSEN v. McDONALD'S CORPORATION.
(389 SE2d 386)

BANKE, Presiding Judge.
Abrahamsen brought the present action against McDonald's Corporation seeking to recover approximately $300,000 in damages, plus

expenses of litigation, based on the latter's alleged breach of a series of construction contracts. The trial court granted McDonald's motion for summary judgment, while denying a motion by Abrahamsen for partial summary judgment. This appeal followed.

Abrahamsen is a shareholder and officer of TBK Builders, Inc. (referred to hereafter as TBK), a general contracting firm which, prior to 1986, performed construction work on various McDonald's restaurants in the southeastern United States. TBK ceased doing business in February of 1987 and subsequently assigned the present cause of action to Abrahamsen. Abrahamsen seeks damages for 12 separate construction projects which he alleges were wrongfully terminated by McDonald's.

Pursuant to each of the three form contracts contained in the record, TBK was required to advance payment to its subcontractors and suppliers and to submit sworn certification of such payment prior to seeking reimbursement for these expenditures from McDonald's in the form of progress payments. McDonald's was authorized under the provisions of the contracts to terminate TBK's employment for violation of its obligations and to finish the work by whatever method it might deem expedient. The contracts further provided: "In such case, [TBK] shall not be entitled to receive any payment in excess of reimbursement for his direct expenses . . . [;] however, [TBK] shall remain liable to [McDonald's] for all damages incurred as a result of the breach."

Abrahamsen acknowledges in his brief that, "[f]rom the very first McDonald's project, TBK had never been able to pay its subcontractors and material suppliers without first being paid by McDonald's for the work" and that it had certified all its requests for progress payments "knowing that such certifications were false." Abrahamsen contends, however, that "McDonald's acquiesced to this deception and continued to make progress payments to TBK on this basis." McDonald's, on the other hand, contends that it had no knowledge of the deception and continued to rely upon TBK's sworn certifications until December 21, 1986, when it was informed by TBK's president that TBK had exhausted its working capital and was unable to pay its existing debts to its subcontractors and materialmen. Upon receipt of that notice, McDonald's ceased making payments to TBK, an action which Abrahamsen contends made it impossible for TBK to fulfill its obligations under the uncompleted contracts.

During the first week of January of 1987, McDonald's conducted an audit of TBK's books and records, including the unpaid invoices of its subcontractors and materialmen on McDonald's projects. In a letter dated January 26, 1987, it notified TBK that $210,681.26 in claims by subcontractors and materialmen remained outstanding on McDonald's projects and instructed the company to settle these claims

within five days. Having received no response as of that date, McDonald's thereupon made or committed itself to making payments to TBK's subcontractors and materialmen totalling $201,486.67; and it subsequently gave written notification to TBK of the termination of each of the contracts at issue. *Held:*

1. While the appellant apparently does not dispute that TBK was obligated by the terms of the written contracts to pay its subcontractors and materialmen before receiving progress payments from McDonald's, he asserts that several of the subject projects (without specifying which) were being performed under parol agreements which did not include the payment and certification conditions contained in the written contracts. We are cited, however, to no evidentiary support for this position. Rather, the record reveals without dispute that both parties intended that these conditions would be applicable to each of the 12 projects involved in the present litigation.

2. We further reject as unsupported by competent evidence the appellant's assertion that McDonald's accepted TBK's falsified certifications, knowing they were false. The only evidence offered by the appellant in support of this contention consists of an averment to that effect contained in the affidavit of TBK's president. However, no factual basis for this averment was contained in the affidavit, and "[i]t is axiomatic that 'conclusory allegations by way of an affidavit . . . will not be sufficient to avoid summary judgment.' [Cit.]" *Collins v. West American Ins. Co.*, 186 Ga. App. 851, 852 (368 SE2d 772) (1988). Thus, the affidavit was insufficient to create a material issue of fact with respect to McDonald's knowledge of TBK's deceptive practices. Accord *Parlato v. MARTA*, 165 Ga. App. 758 (1) (302 SE2d 613) (1983).

3. The appellant contends that factual questions remain as to whether McDonald's refusal to make further payments to TBK upon learning of its failure and inability to pay its subcontractors and materialmen made it impossible for TBK to perform under the contract. However, assuming that such factual questions do exist, they are not material to the issue of McDonald's rights and obligations under the contracts. McDonald's was specifically authorized to consider the contracts terminated if TBK "should fail to make prompt payment to subcontractors or materialmen, for material or labor," and it is undisputed that McDonald's did not cease making payments to TBK until after having been notified of the latter's failure in this regard.

4. The appellant contends that the trial court erred in refusing to grant his motion for summary judgment on his claim for $28,764 in lost profits for McDonald's alleged breach of a written contract for the construction of a restaurant on Holcomb Bridge Road in North Fulton County, Georgia. This contention is without merit. The parties entered into this contract on December 12, 1986, nine days before

TBK disclosed its financial difficulties to McDonald's. Since McDonald's was authorized to terminate that contract upon TBK's violation of any contractual provision, including its inability to pay for materials and labor, the trial court·was authorized to conclude as a matter of law that McDonald's had no liability on this claim.

5. The appellant's remaining enumeration of error is rendered moot by the foregoing.

6. McDonald's asks that a penalty be imposed against Abrahamsen for bringing a frivolous appeal. "Being unable to discern any reasonable ground upon which the appellant[ ] might have anticipated the reversal of the trial court's judgment, we assess a $500 penalty against the appellant[ ] pursuant to Rule 26 (b) of this court for pursuing a frivolous appeal." *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12, 13 (372 SE2d 9) (1988). The trial court is hereby directed to enter judgment in such amount upon return of the remittitur in the case.

*Judgment affirmed with damages. Sognier and Pope, JJ., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 13, 1989.

*Donald E. Loveless*, for appellant.
*Craig K. Pendergrast, John G. Parker*, for appellee.