A91A1755. STEWART et al. v. RICHARDSON.
(411 SE2d 309)

McMurray, Presiding Judge.

This is a stockholders' derivative action brought by two minority stockholders, plaintiffs Flowers and Stewart, against the majority stockholder, defendant Richardson. Plaintiffs sought damages by reason of the sale of substantially all of the assets of Residential Brokers, Inc., without notice to the minority stockholders. Plaintiffs appeal from the grant of summary judgment in favor of defendant. *Held*:

The uncontradicted evidence shows that Residential Brokers, Inc., was insolvent in that the corporation's total assets were less than the sum of its total liabilities. OCGA § 14-2-1201 (a) (2). Therefore,

the corporation was authorized to sell, lease, exchange, or otherwise dispose of all or substantially all of its property under terms and conditions determined by the board of directors. OCGA § 14-2-1201 (b) (1) (A). Defendant was the sole director of Residential Brokers, Inc. A sale of assets of a corporation pursuant to OCGA § 14-2-1201 does not require shareholder approval. OCGA § 14-2-1202 (a). Plaintiffs' action was not well founded in the law and the superior court did not err in granting defendant's motion for summary judgment.

Three of plaintiffs' enumerations of error are predicated upon an alternative ground stated for defendant's motion for summary judgment, that plaintiffs failed to make an ante litem demand on the corporation pursuant to OCGA § 14-2-742. In view of our holding that the grant of summary judgment was authorized under the alternative theory discussed above, these enumerations of error are moot.

Plaintiffs' final enumeration of error, contending that the trial judge erred in sustaining objections to two affidavits filed by plaintiffs, is also without merit. The affidavit of plaintiff Flowers, stating that defendant "removed from sale assets which would have revealed that the company was in a solvent condition at the time of the sale," was properly excluded as conclusory. *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868, 870 (2) (389 SE2d 386). The affidavit of witness Wan was also conclusory, and even if considered, would not create a genuine issue of material fact.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*William A. Wehunt*, for appellants.
*Chesnut & Livingston, Tom Pye*, for appellee.