A92A0948. FEDERATED DEPARTMENT STORES, INC.
v. CLUM.
(423 SE2d 716)

COOPER, Judge.

In this personal injury case, we granted appellant's application for interlocutory review of the trial court's denial of its motion for summary judgment. Appellant contends that summary judgment should have been granted because there was no defect in its premises of which it had superior knowledge and because appellee failed to exercise ordinary care for her own safety as a matter of law.

Viewing the record in a manner most favorable to appellee as the non-moving party on a motion for summary judgment, it appears that, while shopping in appellant's store, appellee stopped in the rug department to look at oriental rugs. Appellee was particularly interested in appellant's hallway runners, which were stored in rolls like paper towels and displayed standing on end against one wall of the rug department. While appellee watched, a sales associate unrolled two or three feet of a runner in the aisle so appellee could take a better look at it. Appellee viewed the rug, but decided not to make a purchase. As she began to leave the sales associate asked her to take a business card, which she did. Upon noticing that the sales associate had an unusual surname, appellee engaged in a conversation with the sales associate which lasted several minutes. Appellee then turned to leave and, forgetting about the partially unrolled rug in the aisle, tripped over the still-rolled portion and slipped as the unrolled portion slid out from under her.

Appellant argues that it is not liable because appellee's fall was not caused by a defect or dangerous condition of which appellant had knowledge superior to that of appellee. " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. . . . *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' [Cit.]" *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (2) (138 SE2d 77) (1964). (Emphasis in original.) Although we reject appellant's suggestion that the presence of a half-rolled roll of carpet is a "usual" obstruction that should be expected in the aisles of a rug department rather than a hazardous con-

dition, see, e.g., *Meriwether Mem. Hosp. Auth. v. Gresham*, 202 Ga. App. 535 (1) (414 SE2d 694) (1992), it is undisputed that appellee watched the sales associate create the hazardous condition by unrolling the carpet halfway, without a pad, and leaving it that way. Thus, "[appellee's] means of knowledge being equal with that of [appellant], it follows that she has failed to show a right of recovery based upon the acts of negligence alleged.' [Cit.]" *Pound v. Augusta National*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981).

Appellee argues that she was distracted by the lengthy conversation she had with the sales associate after the sales associate asked appellee to take her business card. Appellee's reliance on the distraction doctrine to counteract her equal knowledge is misplaced, however, because her alleged distraction was self-induced, was not created by appellant, and could not have been reasonably anticipated by appellant. As such, the conversation cannot provide appellee with an excuse for her lack of care for her own safety. See, e.g., *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473 (249 SE2d 276) (1978). Accordingly, the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 13, 1992.

Sullivan, Hall, Booth & Smith, John E. Hall, Jr., David V. Johnson, for appellant.

Erwin, Epting, Gibson & McLeod, Malcolm C. McArthur, for appellee.

