A92A1961. WITTENBERG v. 450 CAPITOL ASSOCIATES.
(427 SE2d 547)

BLACKBURN, Judge.

The appellant, Morton Wittenberg, commenced this action against the appellee, 450 Capitol Associates, to recover for injuries he sustained when he walked into a glass panel in the lobby of a hotel owned by the appellee. The trial court granted summary judgment for the appellee, and this appeal followed.

The record shows that on the morning of September 10, 1989, the appellant parked at the Ramada Hotel on Capitol Avenue and ate breakfast at the hotel restaurant prior to attending an Atlanta Falcons football game. It was routine for the appellant to do so; as a season ticket holder for several years, he had parked at the hotel six to eight times and had eaten breakfast there four to five times. On this particular occasion, he met his son and two nephews at the hotel for the pre-game meal. As they left the hotel to go to the stadium, the appellant's son led the way through the glass doors of the hotel's

front entrance. The appellant and his two nephews followed, "walking and talking and enjoying each other's company," according to the appellant. The appellant then walked into the glass panel situated to the left of the glass door, shattering the glass and cutting his left hand in the process.

The hotel entrance consisted of two glass doors separated by a 45-inch-wide glass panel. Other glass panels, measuring slightly greater than four feet wide by nine feet high, were situated on either side of the glass doors. The glass used in the doors and the panels was tempered, and was tinted a dark brown or bronze color. The panels were framed by a metal casing. This configuration had existed at least since the appellee purchased the hotel in 1982, and perhaps since the construction of the hotel in 1972. The appellee was unaware of any other lawsuit or complaint arising from any incident similar to the appellant's experience. Approximately three to four years prior to the appellant's injury, another individual had walked into the right glass panel and had broken the glass; however, he was not injured, and actually apologized to the hotel personnel. Planters frequently were placed in front of the glass panels for decorative purposes, but on the day in question none was present in front of the left panel. After the appellant's incident, horizontal rails were installed across the glass panels at a cost of about $75.

During all his previous visits to the hotel, the appellant had walked through this same doorway without any incident. The appellant's son frequently accompanied him to the pre-game brunch and football game, and he had never had any difficulty distinguishing between the doors and the glass panels.

It is uncontroverted that the appellant was an invitee at the time of his injury. Owners or occupiers of land have a duty to exercise ordinary care to keep the premises and approaches safe for invitees. OCGA § 51-3-1; *Zellers v. Theater of the Stars*, 171 Ga. App. 406 (1) (319 SE2d 553) (1984). A proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which the proprietor has superior knowledge. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

A defendant may prevail in its own motion for summary judgment by showing that "there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, supra at 491. In the instant case, the appellant's theory of liability is composed of three elements: (1) the appellee maintained a dangerous condition on its premises; (2) the appellant was injured by this condition; and (3) the appellee possessed superior knowledge of

the dangerous condition. There is no dispute over the fact of the appellant's injury, and the appellant contends that issues of fact existed with regard to the other two elements, so that summary adjudication was inappropriate.

The appellant first notes that OCGA § 8-2-90 includes, in its list of hazardous locations for the purpose of glazing, large glass panels that are adjacent to doors, and then suggests that this statute served to give the appellee notice of the dangers posed by the glass panels to either side of the hotel's entrance. However, in *Zellers v. Theater of the Stars*, supra at 408, this court held that a lessee of premises was not put on notice, statutory or otherwise, that a plate glass door constituted a dangerous location by virtue of § OCGA 8-2-90 et seq. That same principle applies in this case.

The appellant relies upon an affidavit from an architect who opined that the large unprotected glass panels at the appellee's hotel lobby created a hazard. Specifically, that expert witness explained that because of the high quality of glass resulting from modern production techniques, it can be difficult to observe glass even when one looks directly at it, and especially when one is walking and talking to others. Also, the presence of a second wall of glass beyond the doorway could create some confusion as to which glass panel one perceived. However, those allegations are conclusory, essentially a reargument of the appellant's claim, and are insufficient to avoid summary judgment. *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868 (389 SE2d 386) (1989); see also *Morton v. Stewart*, 153 Ga. App. 636, 643 (266 SE2d 230) (1980).

The appellant contends that the installation of protective railing after the incident supports finding the appellee's failure to do so earlier to be negligence which created a dangerous condition. However, "evidence of repairs, change of conditions, or precautions taken after an injury is not admissible as proof of negligence of the defendant in not having made the repairs, changed the conditions, or taken the precautions prior to the injury. . . ." *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 849-850 (380 SE2d 481) (1989). Although the costs of providing safeguards may be shown on the questions of their feasibility for removing or minimizing danger, *Moody v. Southland Investment Corp.*, 126 Ga. App. 225 (190 SE2d 578) (1972), the appellee's subsequent installation of the protective railing in front of the glass panels may not be used to show negligence on the appellee's part and create an issue of fact as to the existence of a dangerous condition.

The mere fact that about three to four years before the appellant's injury, another individual walked into and broke the right glass panel does not serve as notice to the appellee of the existence of a dangerous condition or bestow the appellee with superior knowledge

of a danger. No other circumstances associated with that prior incident were known, other than the individual was not injured, and, rather than complaining about the situation, he apologized for breaking the panel. There is no evidence supporting the appellant's description of this prior incident as "virtually identical" to the appellant's own mishap. "While the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. [Cits.]" *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (183 SE2d 231) (1971), aff'd 228 Ga. 402 (185 SE2d 803) (1971).

It must be reiterated that the true ground of liability is the proprietor's superior knowledge of the danger or condition. "[T]here is no obligation to protect the invitee against dangers or hazards which are known to him or which are so obvious and apparent he may reasonably be expected to discover them." *Amear v. Hall*, 164 Ga. App. 163, 169 (296 SE2d 611) (1982).

In the instant case, it was undisputed that the glass panel was tinted a dark color and framed by a metal casing. The incident occurred around 11:00 a.m. and the lighting in the hotel lobby was adequate. The glass panel was easily discernible merely by looking at it. The appellant had walked through the entrance on several other occasions without incident, and although there may have been a planter placed in front of the panel on previous visits, he at least had several opportunities to notice the general configuration of the hotel entrance and, in particular, the glass panels. There were no other exigencies created by the appellee on this occasion that could have caused the appellant to walk into the glass panel. Rather, the appellant stated that he walked into the glass panel because he "just didn't see it." He also acknowledged that as he was walking through the lobby towards the doorway, he was talking with his nephews.

"An invitee is under an equal duty with the owner to use [his] sight to discover any defect or dangers. [Cits.] . . . [W]here an obstruction is in some way hidden, camouflaged or intrinsically unsafe, the question of ordinary care should be one for the jury. But where the evidence shows that the object is most obvious and apparent to sight, so that one looking ahead would necessarily see it, the fact that a plaintiff merely failed to look will not relieve him from responsibility for his own misadventure." *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 403 (343 SE2d 164) (1986).

The appellant contends that an issue of fact may still exist over whether he exercised ordinary care for his own safety because of the distraction presented by the crowded and noisy hotel lobby. However, the appellant's own deposition testimony, and the deposition testi-

mony of his son, indicate that the only distraction of his awareness at the time of the incident consisted of his own conversation with his nephews. Where the distraction is self-induced, it may not excuse one's failure to exercise ordinary care for one's own safety. *Federated Dept. Stores v. Clum*, 205 Ga. App. 798 (423 SE2d 716) (1992); *Simone v. Hancock Textile Co.*, 175 Ga. App. 191 (2) (332 SE2d 669) (1985).

In summary, the uncontroverted evidence shows that no dangerous condition existed on the appellee's premises. However, even if the glass panel in this case did present a danger, the appellant failed to exercise ordinary care for his own safety, and the trial court did not err in granting summary judgment for the appellee. See *Smith v. Wal-Mart Stores*, 199 Ga. App. 808 (406 SE2d 234) (1991); *Sinclair v. Orozco*, 205 Ga. App. 498 (423 SE2d 25) (1992).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993 —
RECONSIDERATION DENIED FEBRUARY 5, 1993 — .

*Stephen E. Shepard*, for appellant.
*Neely & Player, David C. Marshall*, for appellee.