A95A1531. PIQUE v. LEE et al.
(461 SE2d 302)

BIRDSONG, Presiding Judge.

Myrtle Pique brought suit against appellees seeking damages for injuries allegedly sustained when she fell as she unsuccessfully attempted to take her assigned seat in a barber-style chair at The Suburban Barber & Styling Shop. Arguing that material issues of fact remain, Pique has raised this challenge to the trial court's order granting appellees' motion for summary judgment. The trial court determined that Pique could not recover since she "had equal knowledge of the conditions, and thus, there is no right to recovery." *Held*:

Because material questions of fact remain to be resolved, we reverse.

Although the record indicates that Pique, a business invitee, had frequented appellees' business on many occasions for four or five years, there is evidence that Pique was not familiar with the particular chair to which she was directed, and she was not familiar with Ms. Goh, "a new girl" who motioned appellant to sit in Ms. Goh's chair. The evidence established that the chair could have been stabilized in one of two ways. It could have been locked into an immobile position by the use of a control lever located on the side of the chair or it could have been manually held in place by a person. Apparently, since Pique had been directed to sit in this particular chair, she assumed, according to her prior experiences in sitting in appellees' chairs, that Ms. Goh had locked the chair into a secure position, when, in fact, Ms. Goh had failed to set the control lever and immobilize the chair. Thus, when Pique, who was 69 years old, attempted to sit down, the chair rotated suddenly and without warning, causing her to lose her balance and fall. Due to the force of her fall, appellant

allegedly suffered serious injuries including a broken shoulder, broken ribs, cuts and abrasions to her ankle and leg as well as certain permanent injuries.

The record contains conflicting evidence as to appellant's equal knowledge of any defective condition of this chair. Secondly, there are separate issues of the negligence of appellees' employee in failing to stabilize the chair; these are issues which do not involve the equal knowledge defense. We reject appellees' principal argument that as a matter of law appellant failed to exercise ordinary care for her own safety. In support of their position appellees rely upon *Freeman v. Oak Grove Animal Clinic*, 214 Ga. App. 362 (448 SE2d 28) (plaintiff tripped on parking lot gravel containing large clumps of grass because she failed to watch where she was walking); *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872 (3) (446 SE2d 755) (plaintiff tripped over cable that extended across his own driveway, a cable that had been present for about 20 months); *Federated Dept. Stores v. Clum*, 205 Ga. App. 798 (423 SE2d 716) (plaintiff tripped on Oriental carpet that had been partially unrolled for her to see, shortly after she had examined it). However, reliance on this line of cases is misplaced because appellant's situation is factually distinguishable from these cases, which stand for the proposition that a plaintiff must exercise due care and not allow oneself to be distracted or inattentive. The evidence of record fails to demonstrate that Pique was either distracted or inattentive as she attempted to follow appellees' employee's directions to the chair. In fact, there is no evidence in the record that appellant was not exercising proper care or that she was being careless.

As to the issue of negligence of an employee, there is evidence to justify appellant's expectation that the chair was safely in a locked and immobile position because it was the business's standard practice to keep the chair securely locked. Appellees conceded, "It is common practice [at the Suburban Barber & Styling Shop] for the beauty operator/barber to check to ensure the chair is in locked position before a customer attempts to sit down." Appellees also admitted, "The chair is always locked and stationary unless movement is desired and caused. A lever on the right-hand side of the chair must be manually pushed down and the chair pushed into motion." Appellees also claimed that prior to appellant's fall, their employee had "checked the chair to make sure it was locked." Thus, from the record, there is evidence from which a jury could conclude Pique's reliance on appellees' business practice of locking the chair was reasonable.

It is well settled that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them except in plain and indisputable cases. *Begin*

*v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737). In *Begin* at 295, we noted that neither the presence nor absence of negligence should be summarily adjudicated, but should be resolved by the trier of facts unless only one conclusion is permissible. See also *Ga. Power Co. v. Knighton*, 169 Ga. App. 416 (312 SE2d 872); *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342); *Summers v. Milcon Corp.*, 134 Ga. App. 182, 183 (1) (213 SE2d 515).

As to the issue of Pique's alleged equal knowledge of the propensity of barber-style chairs to rotate, such a conclusion is not pertinent if the jury concludes the chair was not defective or left in a defective condition, and that Pique reasonably relied on appellees' customary practice of locking the chair. As Pique stated in her affidavit, "I had no way of knowing the chair was in an unlocked position." Thus, the issues are whether it was appellees' practice to maintain the chair in a locked position and whether appellant should have anticipated that the chair might not be securely locked. Questions of negligence and proximate cause are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases. *Lozynsky v. Hutchinson*, 159 Ga. App. 715 (285 SE2d 70); *Lockhart v. Walker*, 124 Ga. App. 241 (183 SE2d 503).

Consequently, whether Pique failed to exercise due care when she tried to seat herself, whether Pique's conduct was unreasonable when she apparently expected the chair to be in a locked position, whether the new employee was negligent in failing to secure properly the chair with the locking lever or whether appellees had superior knowledge of a dangerous condition on their premises, and whether there was a hidden risk that was unknown to appellant, are all questions that preclude the granting of summary judgment. The evidence in the record does not demand a finding as a matter of law that no actionable negligence appears. *Russell v. Goza*, 143 Ga. App. 455, 456 (238 SE2d 583). When, as in the instant case, issues of negligence, diligence, and contributory negligence are involved, it is necessary that such issues be resolved by a jury rather than by summary adjudication. *Ga. Power Co. v. Knighton*, supra; *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346); *Yeager v. Jacobs*, 111 Ga. App. 358 (1) (141 SE2d 837). Because there are material issues of fact remaining to be resolved, summary judgment must be reversed.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 16, 1995.

*Peters, Townsend, Wilson & Roberts, Allen F. Townsend, Ralph R. Carlisle*, for appellant.

*Bach & Hulsey, Robert J. Hulsey*, for appellees.