A97A0525. PARKS-NIETZOLD et al. v. J. C. PENNEY, INC.
(490 SE2d 133)

SMITH, Judge.

Patricia Parks-Nietzold and her husband brought suit against J. C. Penney, Inc. to recover damages for personal injury incurred by Parks-Nietzold in the restroom of a J. C. Penney store. The trial court granted the store's motion for summary judgment, and plaintiffs appeal.

Parks-Nietzold testified at her deposition that on the date of the incident, she entered the only available stall in the ladies' restroom of the store. She had never been in that store before. The latch was missing, but she was able to close the door; she placed her purse on the floor of the stall in front of the door so that anyone looking at the outside of the stall would see that it was occupied. She was in the process of rearranging her clothing when a woman opened the door of the stall forcefully and caused it to hit Parks-Nietzold's head. Parks-Nietzold testified that she lost consciousness. She was diagnosed as having sustained a mild concussion with no lasting effects. She alleged in her complaint, however, that she "sustained serious injuries which have necessitated specialized medical attention and treatment which is ongoing" and that "[t]he quality of her life has been severely diminished by the incident."

A proprietor owes its invitees a duty of exercising ordinary care in keeping its premises safe. *Young v. Wal-Mart Stores,* 209 Ga. App. 199 (433 SE2d 121) (1993). The trial court found that J. C. Penney

had demonstrated that it exercised ordinary care and that the broken latch was not a dangerous instrumentality; the trial court also found that even if the foregoing were not true, Parks-Nietzold's knowledge of the dangerous condition was superior to that of J. C. Penney and prevented recovery. We agree with the trial court's analysis, and we affirm.

1. Parks-Nietzold and her husband contend that genuine issues of material fact remain with regard to the issue of ordinary care. In support of its motion for summary judgment, J. C. Penney presented the deposition and affidavit of Jim Sheffield, the stockroom and maintenance manager of the store. He was directly responsible for the maintenance of the restroom. His uncontroverted affidavit established that J. C. Penney cleaned and restocked the restroom on a daily basis, but only the more comprehensive weekly cleanings performed on Monday mornings would have revealed a broken latch. Even if this is tantamount to an admission that had the daily cleanings included an inspection of the latches the broken latch would have been discovered, as the dissent concludes, no such inspection was warranted. This is so because no prior broken or inoperable restroom stall privacy latches occurred at this store prior to this incident to make J. C. Penney believe that latches should be inspected more frequently. The latches had never before been known to cause any personal injury. This incident occurred on a Sunday, and no evidence was presented that the latch was reported broken during the previous week. In fact, to Sheffield's knowledge, this was the only time a privacy latch has had to be replaced. A proprietor need not inspect for every theoretically possible hazard when no reason appears for doing so. *Zellers v. Theater of the Stars*, 171 Ga. App. 406, 408 (2) (319 SE2d 553) (1984). Even assuming that J. C. Penney should have known that a broken latch was dangerous, because it had no knowledge of the broken latch, either actual or constructive, the store's regularly scheduled inspections were sufficient to demonstrate the exercise of ordinary care. Those inspections distinguish this case from *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3-4 (432 SE2d 230) (1993), cited by plaintiffs. In *Thompson*, the store did not present evidence that it regularly inspected the premises, and therefore the burden did not shift to the plaintiff to show that the defect had existed for a sufficient period of time to have been discovered. The contrary is true here.

This case is also different from *Sain v. K-Mart Corp.*, 190 Ga. App. 751 (380 SE2d 299) (1989), relied upon by plaintiffs. In that case, the evidence showed that an employee of the store was in the vicinity at the time the plaintiff fell and could have picked up the plastic bags that caused the fall. Id. at 752-753. In this case, no evidence was presented that any store employees were in the vicinity.

The trial court did not err in finding that J. C. Penney exercised ordinary care.

2. Parks-Nietzold also contends the trial court erred in finding that she had equal knowledge of the alleged defect. We do not agree.

The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm. *Dyer v. Joe Rigatoni's of Atlanta*, 191 Ga. App. 473 (382 SE2d 193) (1989). Recovery is allowed only when the proprietor had knowledge and the invitee did not. Id. Here, the evidence showed without dispute that J. C. Penney did *not* know about the broken latch.

In contrast, Parks-Nietzold entered the stall and used it despite her knowledge that the latch was broken and the door would not lock. Although Parks-Nietzold claims this was an "emergency" and it was absolutely necessary for her to use the stall, that does not change the fact that the store had no knowledge of the broken latch and Parks-Nietzold did. Her knowledge was certainly *at least* equal to that of the store.

Parks-Nietzold's contention that her recovery was not barred by her superior knowledge because the broken latch was a building code violation is similarly without merit. For this contention, she relies upon *Bastien v. Metropolitan Park Lake Assoc.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993). But *Bastien* involved the statutory duty of landlords to their tenants under OCGA § 44-7-2 (b), which is not applicable here.

We need not decide whether the broken latch constituted a building code violation because, even assuming it did, it would show only negligence per se. As this Court held in *Florence v. Knight*, 217 Ga. App. 799 (459 SE2d 436) (1995), "[n]egligence per se is not liability per se. Negligence, it should be remembered, is in itself only one of the essential elements prerequisite to a cause of action in a given case." (Citations and punctuation omitted.) Id. at 800. The equal knowledge rule would preclude recovery even if Parks-Nietzold could show that the broken latch was negligence per se as a violation of the building code. The trial court did not err in granting summary judgment to Penney's.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Beasley and Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

MCMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of summary judgment in this premises liability action as I feel the issues involved should be resolved by a jury. According to the affidavit of Jim Sheffield, the "Stockroom and Maintenance Manager for J. C. Penney Co., Inc.," defendant's "routine cleaning and maintenance does not include an

inspection of the 'privacy latch,'" yet when Sheffield "inspected the restroom [the following] day, [he] found one stall, which had a broken 'privacy latch.'" This is tantamount to an admission that, *if* J. C. Penney's inspection routine included an inspection to assure that privacy latches were in proper working order, this broken latch would have been discovered. Plaintiff's testimony that she placed her purse in the front of the stall to alert patrons to her presence is evidence that she exercised ordinary diligence for her own safety. *Keaton v. A. B. C. Drug Co.*, 266 Ga. 385, 386 (1) (c), 387 (467 SE2d 558); *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485). The storekeeper is not relieved of the consequences of any negligence by an intervening act which he should have anticipated. *Colonial Stores v. Donovan*, 115 Ga. App. 330, 331 (2) (154 SE2d 659).

A privacy latch in a public restroom protects dual privacy aspects, namely, one's personal privacy within a defined and limited space, and one's right to exclusive temporary possession of that space. Plaintiff was injured when another patron failed to spot plaintiff's purse as an emblem of her possession and opened the unlatchable door, striking plaintiff as she struggled to dress herself. In my view, that physical injury is precisely the type of injury a properly working privacy latch was designed to prevent. Consequently, this case falls within the general rule that questions of foreseeability and proximate cause are for the jury to determine. The majority's rationale begs that very question of foreseeability by denigrating the actual flaw here observed as theoretical. As my colleagues in the majority would affirm the grant of summary judgment despite the existence of material fact questions, I respectfully dissent.

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED JULY 11, 1997 —
RECONSIDERATION DENIED JULY 29, 1997.

*Diane M. Zimmerman & Associates, Charles P. Taylor*, for appellants.

*Anderson, Walker & Reichert, Robert A. B. Reichert*, for appellee.

