## A97A0918. COLLINS v. EAST R. S., INC.
(492 SE2d 351)

POPE, Presiding Judge.

Plaintiff was injured in the fitness room of an apartment complex managed by defendant. After the jury returned a verdict for plaintiff, the trial court granted defendant a judgment notwithstanding the verdict (j.n.o.v.). We have reviewed the submitted portions of the trial transcript in a light most favorable to plaintiff, see *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983), but have nonetheless found no evidence of superior knowledge of a dangerous condition on the part of defendant. Accordingly, we affirm.

Plaintiff went to the fitness room to work out on an old but standard Universal machine. He was an experienced weight lifter and had used that particular machine once or twice before. Looking at the machine, plaintiff saw nothing abnormal. He then lay down on a bench at the bench press station, but before he had even touched the handlebars, they fell on his head, seriously injuring him. Nothing like this had ever happened before; indeed, there was no evidence of any prior accidents or problems with the machine at all.

The handlebars involved in plaintiff's accident were attached to a stem which inserted into a sleeve in the main part of the Universal machine. The placement of the handlebars (in terms of their horizontal distance out from the main body of the machine) could be adjusted by means of a pin. This pin would go through a fixed hole on the main part of the machine and then into one of a series of holes on the stem attached to the handlebars, thereby securing the handlebars in position. The user could adjust the bars by pulling the pin out, moving the handlebars closer to or farther from the main part of the machine, and then replacing the pin to secure the handlebars in the new position. At the time of plaintiff's accident, someone apparently had removed the pin and not properly replaced it, leaving the handlebar stem loose in its sleeve.

1. When the alleged liability of a defendant is based solely on its status as the owner or operator of the premises on which an injury has occurred, the defendant's liability must be premised on superior knowledge of the dangerous condition which caused the injury. See, e.g., *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). The defendant's knowledge may be actual or constructive; and constructive knowledge may be based either on evidence that the dangerous condition lasted so long that the defendant should have discovered it, or on evidence that an employee of defendant was in the immediate vicinity and could have easily seen the problem. See *Lonard v. Cooper & Sugrue Properties*, 214 Ga. App. 862, 863-864 (449 SE2d 348) (1994). Additionally, the plaintiff must show that he or she was exercising due care, yet still failed to see the danger. See

*Sumner v. Ideal Steel Products*, 222 Ga. App. 681 (475 SE2d 708) (1996).

2. Plaintiff first argues that defendant had constructive knowledge of the improperly placed pin (and thus knowledge superior to his) because defendant should have discovered it through inspection. As there was evidence that defendant followed its routine of inspecting the fitness center daily on the day of the accident, however, and there was no evidence showing how long the pin was out of place, plaintiff cannot rely on this theory of liability. See *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809 (440 SE2d 548) (1994).

3. Plaintiff also contends that even if defendant did not know the pin was actually out of place, defendant — unlike plaintiff — did know the pin could be removed and should have foreseen that it might not be properly replaced. Thus, plaintiff asserts defendant had superior knowledge of a potential danger and a resulting duty to warn. But superior knowledge of the pin's removability does not automatically translate into superior knowledge of a danger. Though defendant knew the pin might be removed and not properly replaced, it did not know of the danger because the circumstances of plaintiff's accident were simply not foreseeable. Even in retrospect, it is hard to imagine how plaintiff's accident could have happened. The expected result of an out-of-place pin would be that the stem of the handlebars would not be in the sleeve in the main part of the machine at all, or that the stem would at least be cockeyed or visibly askew so that anyone exercising due care would notice that something was wrong before they lay down underneath the handlebars. That someone would leave the stem in the sleeve loose but perfectly balanced, so that it would look normal but fall as soon as it was jarred, can only be considered an unforeseeable occurrence for which the apartment manager is not liable as a matter of law. See *Zellers v. Theater of the Stars*, 171 Ga. App. 406, 407 (1) (319 SE2d 553) (1984); *Sutton v. Sutton*, 145 Ga. App. 22, 24-25 (1) (243 SE2d 310) (1978) (a person is not expected to foresee and warn against dangers which are not reasonably expected and would not occur except under exceptional circumstances). Accordingly, the j.n.o.v. for defendant was properly granted.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 30, 1997.

*Eugene R. Kiser*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, John W. Sandifer, Gregg A. Landau*, for appellee.