## A97A2443. KOLOMICHUK v. BRUNO'S, INC.
(497 SE2d 10)

POPE, Presiding Judge.

Michael A. Kolomichuk sued Bruno's, Inc. over injuries he sustained when he slipped and fell in one of Bruno's grocery stores in Albany. He claimed that he had slipped on "a wet spot which he was unable to observe and avoid" or, alternatively, "the highly waxed and polished floor." Following discovery, Bruno's moved for summary judgment. The trial court granted its motion after finding that the evidence clearly showed no foreign substance was on the floor, that Kolomichuk had produced no evidence showing the floor was so slippery as to be defective, and that Kolomichuk did not know why he fell. We affirm the trial court's judgment.

This Court reviews de novo the grant of a motion for summary judgment to determine whether the trial court properly found that no material issues of fact existed and that the movant was entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "To prevail at summary judgment under

OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A judgment that is right for any reason must be affirmed. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 78 (441 SE2d 421) (1994).

Kolomichuk stated that he was pushing a cart down an aisle near the back of the store when he fell. He saw nothing on the floor before or after he fell and testified in his deposition, "I slipped on something, but I don't know what." Although the floors had "a very high shine," Kolomichuk did not slip anywhere else during the time he was in the store and did not know whether the spot where he fell was more slippery than the rest of the store floor. Two other customers who were in the same aisle when Kolomichuk fell testified they saw nothing on the floor before the fall. Kolomichuk deposed the store manager, who testified that the floors were waxed as needed with an industrial floor wax and were mopped and buffed nightly by an outside cleaning company.

Given this evidence, the trial court's judgment was correct. In a slip and fall case allegedly resulting from the defendant's negligence in maintaining a highly waxed and slippery floor, "the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Under *Lau's Corp.*, the defendant may pierce the pleadings of the complaint by showing that no evidence supports an essential element of the plaintiff's claims. *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), did not alter the *Alterman Foods-Lau's Corp.* analysis as it applies to this type of slip and fall case. Here, Bruno's showed that no foreign substance was on the floor, explained its floor waxing process, and showed that it regularly mopped and buffed the floors. Kolomichuk "did not introduce any evidence of the quality of material used or the methods which [Bruno's] used in waxing and maintaining its floor. [He] merely stated that [he] slipped and fell, but that [he] could not determine what it was that caused [his] fall."

*Alterman Foods*, 246 Ga. at 624. See *Hall v. Cracker Barrel Old Country Store*, 223 Ga. App. 88, 90-91 (1) (476 SE2d 789) (1996); *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706, 707 (434 SE2d 532) (1993). Compare *Fugate v. Gayfers Mercantile Dept. Stores*, 201 Ga. App. 867, 869 (412 SE2d 617) (1991) (applying a pre-*Lau's Corp.* standard which required the defendant to affirmatively *negate* the plaintiff's allegations).

In opposition to Bruno's summary judgment motion, Kolomichuk filed an affidavit in which he stated that he believed he slipped "on the highly polished surface of the tile floor and not on any foreign substance, unless there was a clear substance which could not be readily observed on the high sheen of the floor." The affidavit again reiterates Kolomichuk's uncertainty regarding his fall; however, to the extent this affidavit contradicts his deposition testimony, we construe it against him. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). Kolomichuk also contends his claim of negligence is supported by the affidavit of another customer who, three weeks before Kolomichuk's fall, slipped on the "highly polished, slippery floor" in the *front* of the store near the cash registers. However, " '[s]imilar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place.' [Cits.]" *Hall v. Cracker Barrel*, 223 Ga. App. at 92. In light of Kolomichuk's admission that he did not know the cause of his fall, and given the dissimilar circumstances, this affidavit creates no genuine issue of material fact requiring jury resolution. See *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744 (1) (470 SE2d 270) (1996).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 27, 1998 —
RECONSIDERATION DISMISSED FEBRUARY 18, 1998.

*L. Clayton Smith, Jr.*, for appellant.
*Hodges, Erwin, Hedrick & Coleman, David W. Orlowski*, for appellee.