A99A0928. JOHNSON v. J. H. HARVEY COMPANY et al.
(523 SE2d 95)

RUFFIN, Judge.

After allegedly slipping while leaving a grocery store, Barbara T. Johnson sued the store owner, J. H. Harvey Company, and the operator of the shopping center, Julian LeCraw & Company d/b/a Altama Village Shopping Center ("defendants"). The trial court granted summary judgment to the defendants, and we affirm.

When the evidence is viewed more favorably toward Johnson, the record shows the following. As Johnson left the store, she was carrying two plastic bags of groceries. While proceeding down a concrete curb ramp toward the parking lot, Johnson allegedly twisted or turned her left foot. Although Johnson did not fall, she believes that her foot may have slipped. Johnson admitted, however, that she may have simply misstepped. Her daughter, who was walking directly beside her, did not see her slip and noticed nothing unusual. Johnson testified that she had walked up and down this particular ramp on at least 50 occasions and had never experienced any prior difficulties. Johnson conceded that as compared to the "many, many times before" on which she had safely crossed the ramp previously, she did not notice anything different about the ramp the day she allegedly slipped.

Although it had not been raining and the ramp was not wet, Johnson claimed that the ramp had a "slippery" surface and needed to be less smooth. Yet, despite her assertion that the ramp lacked "extra roughness," Johnson admitted that she could not say that any additional roughness would have prevented her foot from slipping. Moreover, she conceded that the texture of this curb ramp was the same as the concrete surface of most sidewalks.

Johnson's expert, safety consultant Herbert T. Bogert, measured the height and horizontal spread of the ramp.[1] Bogert, however, did not examine the site until nearly two years after the incident at issue. Although Bogert lacked firsthand knowledge about the condition of the ramp at or near the time of the incident, Bogert suggested that "if it didn't have the yellow [edging] on it at the time, I'd say that would have been desirable." Bogert, moreover, conceded that hand-

---

[1] Bogert majored in agricultural education and does not have an engineering or advanced degree.

rails are not legally required for curb ramps like this one. According to Bogert, this ramp was "too steep" and "too smooth." Bogert concluded that the ramp was "inherently dangerous."

Both defendants moved for summary judgment, and the trial court granted the motions. We find that summary judgment was proper for two reasons.

First, Johnson failed to offer any evidence that the condition of the ramp was actually what precipitated her injuries.[2] Not only did Johnson admit that she may have simply misstepped, but she also was not able to say what caused her to twist or turn her foot.[3] Although Johnson speculated that the surface of the ramp had been too smooth, she could not say whether any additional "roughness" would have prevented her foot from slipping.[4]

Second, Johnson did not establish that Harvey had superior knowledge of any allegedly dangerous peril.[5] In premises liability cases, the proof of a fall or a misstep, without more, does not give rise to liability on the part of the proprietor.[6] Rather, a plaintiff must prove fault on the part of the owner/proprietor and her own ignorance of the danger.[7] A plaintiff may recover only if the proprietor had knowledge of the condition and the plaintiff did not because "[t]he true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm."[8]

Moreover, a claim involving a static defect, as here, differs significantly from slip and fall cases in that, generally, when a person has successfully negotiated an allegedly dangerous condition on previous occasions, that person is presumed to know about it and cannot recover for a subsequent injury resulting therefrom.[9] Here, this ramp with its attendant slope designed for grocery carts had been in place for years. This was a static condition, not a hazard caused by the abrupt or sudden appearance of a foreign object or substance.[10] With-

---

[2] Compare *Fussell v. Jimbo's Log Kitchen*, 227 Ga. App. 161, 163-164 (1) (a) (489 SE2d 71) (1997) (summary judgment precluded by factual dispute concerning presence of chicken feathers on ramp).

[3] See *Kolomichuk v. Bruno's, Inc.*, 230 Ga. App. 638, 639-640 (497 SE2d 10) (1998) (plaintiff's uncertainty as to what caused him to slip was fatal to his claim).

[4] See id.

[5] *Parks-Nietzold v. J. C. Penney, Inc.*, 227 Ga. App. 724, 726 (2) (490 SE2d 133) (1997); *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 230 (2) (504 SE2d 14) (1998).

[6] *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 215 (2) (483 SE2d 671) (1997); *Cole v. Cracker Barrel*, 210 Ga. App. 488, 490 (436 SE2d 704) (1993).

[7] *Hallberg*, supra.

[8] (Citations omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998).

[9] Id.

[10] See *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303, 306 (3) (494 SE2d 76) (1997).

out question, Johnson knew about this static condition and, in fact, admitted that she had used this same ramp on numerous occasions. Nothing about the ramp differed on this occasion.[11] Thus, the equal knowledge rule precluded recovery here.[12] Inasmuch as Johnson's knowledge of the purported hazard was at least equal to the defendants, and because Johnson failed to establish a causal connection between the condition of the ramp and her injury, the defendants were entitled to judgment as a matter of law.[13]

*Judgment affirmed. Andrews, P. J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED OCTOBER 6, 1999.

*Edward E. Boshears*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr., Bradley J. Watkins*, for appellees.

---

[11] See *Spires v. Hall*, 230 Ga. App. 357, 359 (1) (496 SE2d 501) (1998) (knowledge of obstruction foreclosed recovery); *Dickman v. South City Mgmt.*, 229 Ga. App. 289 (494 SE2d 64) (1997) (physical precedent only) (prior successful negotiation of steps shortly before plaintiff's fall foreclosed recovery).

[12] *Parks-Nietzold*, supra at 726 (2).

[13] *Boyd v. Garden Center*, 197 Ga. App. 198, 200-201 (3) (397 SE2d 626) (1990); see *Collins v. East R. S., Inc.*, 228 Ga. App. 627 (1) (492 SE2d 351) (1997).