958.   MACON RAILWAY AND LIGHT CO. v. LEWIS.

1. Where no error of law appears and there is some evidence to support the
   verdict, this court will not interfere with the discretion of the trial
   judge in refusing a new trial.
2. Although there may be a variance between the proof and the allegations
   of the original petition, it ceases to be a variance when fully met by an
   amendment.
3. A verdict will not be set aside as excessive where the amount is war-
   ranted by some evidence and is approved by the trial court.

Action for damages, from city court of Macon—Judge Hodges.
December 9, 1907.

Argued February 24,—Decided May 7, 1908.

*Roland Ellis,* for plaintiff in error.

*Joseph H. Hall, Warren Roberts,* contra.

HILL, C. J.   Mrs. D. N. Lewis brought suit in the city court of
Macon against the Macon Railway and Light Company, to recover
damages resulting from personal injuries.   The jury found a ver-
dict in her favor for $5,000, and the railway company filed a mo-
tion for a new trial, which was overruled.   The motion, besides
the general grounds, contains three special assignments of error:
(1) that the verdict is excessive; (2) that the verdict is not justi-
fied by the evidence, but was rendered on account of bias and preju-
dice against the defendant, and (3) that the verdict was founded
upon evidence which did not sustain or tend to sustain the cause
of action set up in the declaration of plaintiff, to wit, that she
was injured by a jerk caused by the forward movement of the car
of the defendant.

The original petition alleges negligence by the defendant as fol-
lows:   that on August 26, 1906, plaintiff was a passenger on one
of the cars of the company, in the city of Macon; that at the corner
of Bellevue street and Carling avenue, the point of her destination,
the car was brought to a stop for the purpose of allowing her to
leave it; that while attempting to alight, she was thrown from the
car; that the distance from the step of the car to the ground, where
the car stopped and where she attempted to alight, was about three
feet; that although in plain view of the conductor when she made
the effort to alight, and he saw it was difficult to get off at the place
selected by him for her to get off, he made no effort whatever to

assist her or to have the car moved to a place where she could have comfortably and safely gotten off, that by reason of the great distance she had to step, and the rough condition of the ground and place where the car was stopped, she was thrown to the ground, notwithstanding her great care in attempting to leave the car; that her injuries were caused entirely by the negligence of the defendant in selecting such a dangerous place for her to alight, and in not assisting her to alight, and in not moving the car to a place where she could safely alight. The second count of the original petition adds to the specification of negligence contained in the first count, by alleging that while she was in the act of alighting from the car, and in the exercise of all ordinary care and diligence in protecting herself, the car was suddenly moved forward by the company's agent in charge of it, without any notice whatever to her, and she was thrown with great force and violence to the ground, a distance of four feet from the step of the car, on which she was standing when the car was so moved. By an amendment she alleges, "that while attempting to alight from the car at the time and place where it stopped, she was thrown from the car by the car being moved without notice to her; and that the company was negligent in selecting such a dangerous place for her to alight and in moving the car without notice to her, and in not assisting her in alighting therefrom, and in not moving the car to a place where she could safely alight." In both the original petition and the amendment she fully describes the character and extent of the injuries which she received by the negligent conduct of the defendant, summarized as follows: she suffered a severe fracture of the left hip-joint; the ligaments, nerves, and muscles thereof were wounded and lacerated; the injuries to her hip shortened her leg about two inches, and she received a severe and permanent shock to her entire nervous system; she has been unable to walk since the injury was received, except by means of crutches, and then only with great pain; at the time she received the injuries she suffered the greatest physical and mental pain and anguish, and has suffered ever since, and will continue to suffer as long as she lives, as the injuries are of a permanent character; at the time she received the injuries she was an able-bodied woman, capable of earning $1,000 per year, and her capacity for earning money has been entirely destroyed by reason of the injuries, and she has had

to expend $75 for treatment of them.    She was 45 years old at the time of the injury.

The negligence alleged against the defendant was proved alone by the testimony of the plaintiff.    She testified, that the car stopped for her to get off, where the ground was very low and very rough, and the running-board at the side of the car, upon which she had to step to get off, was very high from the ground; that when she went to leave the car she stepped on the running-board and was in the act of stepping down, and there was a movement of the car backward, not forward, and she was thrown four or five feet from the car; that it was the car's motion that threw her,—nothing else; that she felt the motion of the car, and at the time she felt it she was in the act of stepping off; that she felt the motion of the running-board; that she was violently thrown to the ground by the motion of the car, and was taken up and carried into a near-by house by some of the passengers, and put on a bed, where she remained until she was taken home in a hack.    The character and extent of the injuries which she thus received are fully and specifically described by her, and her testimony in this respect is corroborated by that of four or five physicians who examined and treated her.    It may be stated generally that the evidence on this point substantially supports the allegations of the petition.    The conductor and several of the passengers contradicted the testimony of the plaintiff as to the manner in which she was injured.    These witnesses testified, that the car was standing still when she stepped off; that they did not detect any movement at all of the car; that there were other passengers getting off the other side of the car at the same time; that there was no jerk of the car, backward or otherwise, that threw her to the ground; that the only cause they could assign for her fall was that the step was higher from the ground than she had calculated, and that when she turned loose she consequently fell to the ground.    All the witnesses testified that she was thrown some distance from the car, from four to ten feet.    A contradictory statement of the plaintiff, as to the manner in which she was injured, was also proved by the defendant, this statement being that she did not know whether she was thrown off the car or whether she fell therefrom.

1.  · It is insisted with a great deal of earnestness by the learned counsel for the plaintiff in error that the verdict against the com-

pany is without evidence to support it, counsel basing this contention on the fact that the account which the plaintiff gives of the manner of her injury is contradicted by the testimony of the conductor and the other passengers, and that the verdict of the jury on her testimony alone is contrary to law, in that it is against the great preponderance of the evidence. This court has repeatedly ruled that it has no jurisdiction to set aside the verdict of a jury because contrary to evidence, where there was any evidence to support it, because a verdict is not an error of law when there is any evidence upon which it could be predicated. The evidence of the plaintiff was positive as to the manner in which she was thrown from the car. If her testimony was the truth, the company was negligent in the manner described by her, and the very wide discretion which the law gives to the jury would have fully justified a verdict upon the testimony of the plaintiff alone, no matter how great the preponderance on the other side. Recognizing that the jury and the trial judge who see and hear the witnesses and their manner of testifying are in a much better position to settle questions of fact than an appellate court, the Supreme Court has invariably ruled that it will not set aside a verdict as contrary to evidence, where there is some evidence to support the verdict and it is approved by the trial judge. If we thought it necessary to discuss the evidence, we might call attention to the fact that the jury might have found some corroboration of the plaintiff's testimony in the circumstance, proved by the witnesses for the defendant, that she was thrown from four to ten feet from the car, the inference being that she would not have been thus thrown except by some propelling force, and that the injuries she received would not have been so severe if she had simply fallen down on the ground from the running-board, unaccelerated by any movement of the car. But these are matters which the law of this State leaves to the exclusive determination of the jury.

2. We do not think that there is any material variance between the allegations and the proof. It is contended by the plaintiff in error that there is such a variance because it is alleged that the car moved "forward," and the proof of the plaintiff is that the car moved "backward." The gist of the negligence charged is the movement of the car when the plaintiff was in the act of

stepping from the running-board; and whether it moved forward or backward is immaterial, if in fact it did move at that time, and if the consequence of the movement, whether forward or backward, was to throw the plaintiff to the ground. The law requires agreement of the proof with a *material* allegation; and where the allegation is substantially proved any variance as to immaterial particulars is not regarded. *Southern R. Co.* v. *Tankersley,* 3 *Ga. App.* 548 (60 S. E. 297) ; *Georgia R. Co.* v. *Miller,* 90 *Ga.* 571 (16 S. E. 939). The petition put the defendant on notice that the injury was caused by the movement of the car while the plaintiff was in the act of alighting; and whether it moved forward or backward did not in any essential respect vary on this point the case presented by the petition. Besides, the record fails to disclose that any objection was made by the defendant to the admission of this testimony, on the ground that it was different from the allegations of the petition; and it is too late to make such objection after the verdict. *Savannah Ry. Co.* v. *Barber,* 71 *Ga.* 644; *Haiman* v. *Moses,* 39 *Ga.* 708; *Central R. Co.* v. *Hubbard,* 86 *Ga.* 627 (12 S. E. 1020) ; *Ga. R. Co.* v. *Miller,* supra. But any objection to the verdict on this ground is entirely eliminated by the amendment to the petition. This amendment alleged, that while attempting to alight from the car, the plaintiff was thrown therefrom, by the car being moved without notice to her, and that her injuries were caused by the defendant in moving the car without notice to her while she was in the act of getting off. Under this allegation, testimony that the car moved either backward or forward would have been admissible.

3. The amount of the verdict is probably large to the point of generosity, yet this court can not say, under the facts, that the amount is so excessive and unreasonable as to evince prejudice, partiality, or misapprehension on the part of the jury. The trial judge did not regard the damages as excessive, and a reviewing court should have clear and convincing reasons for a different conclusion, before setting aside the verdict on the ground that there is such excess.    *Judgment affirmed.*