## 45900. STONE v. BENTON.
(371 SE2d 864)

GREGORY, Justice.

Appellant Stone and appellee Benton are tenants in common of land located in Cobb County. Stone, a Montana resident, sued her sister Benton in Benton's home county of Jasper. Stone sought an equitable partition by sale of the land.

Benton filed a motion to dismiss, arguing that because Stone had an adequate remedy at law in Cobb County under OCGA § 44-6-160 et seq., Stone could not pursue the equitable remedy. The trial court granted Benton's motion, and Stone appealed.

Stone contends that OCGA § 44-6-166.1 provides that a co-owner of land can buy out another co-owner's interest if a party to that action, other than a petitioner, convinces the court that "the value of the entire property will be depreciated by the partition applied for." OCGA § 44-6-166.1 (b). Because Stone, as a petitioner, is barred by the statute from seeking a buy-out and because Benton has not sought to purchase Stone's interest, Stone argues that she has no adequate remedy at law and can pursue an equitable remedy under OCGA § 44-6-140.

Before the legislature passed OCGA § 44-6-166.1, a statutory partition action had two possible outcomes at law. A court could either divide the land under § 44-6-160 or if the land could not be divided fairly, the court could order a public sale under § 44-6-167.

In 1983, the legislature added § 44-6-166.1 and amended § 44-6-167. In effect, the legislature added a third possible outcome in a statutory partition action; the legislature did not reduce a petitioner's remedies at law or expand remedies at equity.[1]

OCGA § 44-6-160 remains unchanged. The action begins when a common owner of land applies for a writ of partition. Then, under OCGA § 44-6-166.1 (b) a party in interest has the opportunity to convince the court that the land cannot be divided fairly.

A party in interest is defined as "any person, other than a petitioner, having an interest in property." OCGA § 44-6-166.1 (a) (1). If the party in interest successfully persuades the court that the land cannot be divided fairly, then the land is appraised and the party in interest may have the chance to purchase the petitioner's share.

But OCGA § 44-6-166.1 does not end the remedies provided by the statute. "In the event lands and tenements sought to be partitioned are not sold pursuant to Code Section 44-6-166.1, the court shall order a public sale of such lands and tenements." OCGA § 44-6-167.

---

[1] The addition of § 44-6-166.1 does not change the holding of *Gifford v. Courson*, 224 Ga. 840 (165 SE2d 133) (1968).

The legislature added § 44-6-166.1 in order to give a party in interest the opportunity to purchase the land before a public sale is ordered, but the legislature did not intend to make the availability of a public sale under § 44-6-167 wholly dependant on whether a party in interest seeks a buy-out under § 44-6-166.1. To hold otherwise would mean that every partition action would· have an inadequate remedy at law merely because a party in interest did not seek a buy-out.

We hold that even if a party in interest does not pursue the remedy under § 44-6-166.1, the petitioner may still seek a public sale under § 44-6-167 by convincing the court that a fair and equitable division of the property cannot be made by means of metes and bounds because of improvements on the property, because the premises are valuable for mining purposes or for the erection of mills or other machinery, or because the value of the entire property will be depreciated by the partition applied for.

Because the addition of § 44-6-166.1 does not render Stone's remedy at law inadequate, she may not pursue an equitable remedy. Although Stone is barred by § 44-6-166.1 from seeking to buy out Benton's interest in the land, she nevertheless has an adequate remedy at law under the public sale provision, OCGA § 44-6-167.

*Judgment affirmed. All Justices concur, except Clarke, P. J., not participating.*

DECIDED SEPTEMBER 28, 1988.

*Neely & Player, Edgar A. Neely III, Richard B. Norton, Jr., Daryl R. Griswold,* for appellant.

*Glover & Davis, Jack T. Camp, W. Robert Hancock, Jr.,* for appellee.