## A98A0080. YEH v. ARNOLD.
### (503 SE2d 645)

McMURRAY, Presiding Judge.

This is an interlocutory appeal from a denial of summary judgment in a slip and fall case. Defendant Yeh is the owner of Hollywood Heights Apartments, where plaintiff Arnold was injured. Plaintiff, as well as his sister and mother, were residents of the Hollywood Heights Apartments at the time of the incident in question. Plaintiff was injured when he left his sister's apartment via stairs to the rear of the building en route to his mother's apartment.

Plaintiff's complaint alleges that he slipped due to the slippery condition of newly painted steps which were even more slippery due to a rain storm. When deposed, plaintiff presented an additional theory for his fall, that he lost his balance due to the height of the first step down from a porch. Plaintiff stated that there was a "big difference" in how far this step drops down as compared to a "regular step." Plaintiff testified that this difference in the step height had not existed prior to recent repairs to the steps and that his fall had occurred the first time he used the steps following the repairs.

Defendant moved for summary judgment and his motion was denied. This Court then granted permission for this interlocutory appeal. *Held:*

Plaintiff's deposition testimony was sufficient to establish the

existence of the two hazardous conditions arising in connection with the steps. With respect to the abnormal height of the first step, defendant has argued that the open and obvious nature of this condition was sufficient to establish plaintiff's lack of due care for his own safety. Plaintiff acknowledged that one looking at the step could see the big difference in height and that he did not recall where he was looking when he stepped off the porch onto the top step. However, following the decision in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403), plaintiff's failure to observe where he was about to step does not constitute a failure to exercise ordinary care as a matter of law. "Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 735. Under the guidance of the *Robinson* decision, it is clear that plaintiff was entitled to rely upon the owner to make the premises safe and was not obliged to inspect each footfall. Under these circumstances, jury questions remain as to issues of negligence and contributory negligence of the parties, and we conclude that the evidence does not plainly, palpably, and indisputably lead to a conclusion that plaintiff failed to exercise such prudence as the ordinarily careful person would use in such circumstances.

Defendant also contends that he lacked superior knowledge of the hazards present on the property because he had purchased the premises only 12 days prior to plaintiff's fall. However, defendant acquired the duties of an owner pursuant to OCGA § 51-3-1 along with the title to the property. These duties included the obligation to exercise diligence in making the premises safe, including a duty to inspect the premises to discover possibly dangerous conditions. *Robinson* at 740. The record contains no evidence as to any exercise of diligence on the part of defendant or explanation as to why the defective height of the step could not have been discovered and remedied in the available period of time. It is not self-evident that 12 days was an insufficient period of time to discover any hazards posed by the steps. Consequently, whether defendant had constructive knowledge of this hazard is an issue for determination by a jury. The state court did not err in denying defendant's motion for summary judgment.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 3, 1998.

*Sharon W. Ware & Associates, Susan E. Cartwright*, for appellant.

*Orlando, Pagniello & Kopelman, Richard Kopelman*, for appellee.