A99A1452. MECHANICAL EQUIPMENT COMPANY v. HOOSE
et al.
(523 SE2d 575)

POPE, Presiding Judge.

Plaintiff Celeste Hoose filed suit against defendant Mechanical Equipment Company for injuries she received when she fell on a set of crosstie steps located on Mechanical's premises. The trial court denied Mechanical's motion for summary judgment, but granted a certificate of immediate review. This appeal follows our grant of Mechanical's application for interlocutory appeal.

Viewed in the light most favorable to Hoose, the nonmovant, the evidence shows that on the day of the accident Hoose had gone to Mechanical to pick up some parts for her employer, Gene's Refrigeration. Hoose testified in her deposition that during the three years she had been employed by Gene's, she picked up parts at Mechanical on at least a monthly basis, and that depending on the season, she might go there as often as twice a week. Hoose stated that she had used the crosstie steps approximately ten to twelve times in the past year. On the day she fell, Hoose picked up some parts in another area of the business and then traversed the crosstie steps to get to the loading dock so she could pick up another part. Hoose picked up the additional part and fell on the top step as she started going back down the steps. Hoose testified that she did not notice a problem with the step going up and that she did not look at the step after she fell. Hoose presented the affidavit of a professional engineer, who opined that the steps violated the standard building code in several respects.

Mechanical presented evidence that the steps had been on the

premises for at least eight years and that its employees used the steps on virtually a daily basis. Several of Mechanical's employees who used the steps on numerous occasions averred that they

> noticed no defects in the steps with regard to the instability of the individual steps or with regard to any portion of the step breaking away. There were no loose steps immediately following [Hoose's] alleged fall. Specifically, there were no steps loose to the extent that a step would trip up and cause someone to fall. At that time, there were no defects in the steps which appeared to have resulted from any portion of the step itself falling off or breaking away.

Both Hoose's and Mechanical's evidence showed that the steps, which had been in place for at least eight years, were a static condition. Our cases have distinguished claims involving static defects from other slip and fall cases.

> A claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998).

Hoose argues, however, that this case is controlled by our decision in *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791 (504 SE2d 198) (1998). In *Flournoy* the plaintiff slipped while going down a ramp. Analyzing the case under *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997), we first considered whether defendant had knowledge of the hazard and found its knowledge could be presumed from the fact that it applied a non-skid paint to the ramp, and that its continuous use of the ramp supplied it with actual or constructive knowledge of the worn nature of the non-skid coating. We then considered, under the second prong of *Robinson*, defendant's contention that plaintiff's negligence was established as a matter of law because he had previously negotiated the ramp without difficulty. In rejecting that contention, we held that the rule barring recovery based on an individual's previous use of the alleged dangerous condition was inapplicable because the dangerous condition in *Flournoy* resulted from a combination of factors (the slope of the ramp, the fact that the non-skid paint had worn off and that the ramp was wet) that could not be appreciated by someone who had previously gone only up the ramp.

We find *Flournoy* distinguishable from this case. Mechanical

presented evidence that its employees used the steps almost daily before the fall, that they continued to use the steps after Hoose fell and that they noticed nothing wrong with the steps which would have caused her to fall. In addition to Mechanical's employees, many other people had successfully traversed the steps without injury numerous times over an eight-year period and never complained about the condition of the steps. Thus, unlike in *Flournoy*, the evidence shows there was nothing to show that Mechanical either knew or should have known of any defect in the steps.

"Although we are aware that under *Robinson*, the lack of evidence of [Mechanical's] knowledge of the defect ends our inquiry, given the circumstances of this case we also examine [Hoose's] role in this incident." *Herrin v. Peeches Neighborhood Grill &c.*, 235 Ga. App. 528, 532 (1) (509 SE2d 103) (1998). Hoose's theory was that she fell because either the step was loose or the wood was rotten. But she did not notice anything wrong with the step when she first traversed it, and she did not examine the step after she fell. Importantly, she could not, as in *Flournoy*, point to any defect which would not have been apparent going up the steps but which would have manifested itself only when she was going down the steps. Moreover, the evidence is clear that Hoose had used the steps many times before her fall without incident. And although Hoose argues on appeal that the condition of the steps may have been obscured by grass growing around the steps, this argument ignores the fact that she had traversed the steps just before she fell. "Accordingly, the evidence shows [Mechanical] did not have superior knowledge of the alleged defect. Furthermore, because [Hoose] had successfully negotiated the steps on several occasions in the past, [she] cannot recover for [her] subsequent injury. [Cit.]" *Hannah v. Hampton Auto Parts*, 234 Ga. App. at 394-395.

In support of the trial court's order denying Mechanical's motion for summary judgment, Hoose also points to her expert's affidavit opining that the steps did not meet the standard building code. Mechanical argues the affidavit was inadmissible because it was not based on the personal knowledge of the expert.

> "We need not decide[, however,] whether the (steps) constituted a building code violation, because, even assuming (they) did, it would show only negligence per se." *Parks-Nietzold [v. J. C. Penney*, 227 Ga. App. 724, 726 (2) (490 SE2d 133) (1997)]. [Hoose] and [Mechanical] had equal knowledge of the static condition of the steps, and "(t)he equal knowledge rule would preclude recovery even if [Hoose] could show that the (maintenance of the steps) was negligence per se as a violation of the building code." Id.

*Hannah v. Hampton Auto Parts*, 234 Ga. App. at 395. See also *Herrin v. Peeches Neighborhood Grill &c.*, 235 Ga. App. at 533 (2).

> While this Court is to remain mindful "that the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication . . . ," this is one of those cases in which the evidence is plain and palpable that the [defendant is] not liable. *Robinson v. Kroger Co.*, 268 Ga. [at] 748.

*Hannah v. Hampton Auto Parts*, 234 Ga. App. at 395.
    *Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED OCTOBER 7, 1999 —
RECONSIDERATION DENIED DECEMBER 14, 1999 —

*Carey, Jarrard & Walker, Daniel L. Parr, Sr.*, for appellant.
*Susan C. Campbell, Malcolm S. Campbell*, for appellees.