## S99A1057. YOUNG v. YOUNG et al.
(522 SE2d 455)

FLETCHER, Presiding Justice.

Appellees Joel and Sadie Young sought an equitable partition of a 159 acre tract of land that they own as tenants in common with appellant Gary Young.[1] The trial court ordered that the property be sold following the procedures set out in OCGA § 44-6-167. Because the parties' consent order authorized this procedure, we affirm.

The parties agreed to a consent order that approved the appointment of three commissioners. The order directed the commissioners to divide the property into two parts, with one part to have two times the value of the other part and with the division to "be made in such manner that no depreciation in value shall occur, i.e., the sum of the values of the two parts shall not be materially less than the value of the whole tract." The order further provided that if the commissioners agree "that such a division cannot be accomplished," the court "shall order" a sale following the provisions of OCGA § 44-6-167.[2]

After an appraisal was obtained and numerous attempts made to arrive at an equitable division, the commissioners filed their report explaining their unsuccessful efforts in determining a division consistent with the consent order. They concluded that "any division of the whole will result in the one-third estate being exposed to a negative reaction from the market, resulting in a diminution in value of that property" and recommended that the property be sold.

Appellant contends that the commissioners did not follow the consent order's directives in arriving at their determination and, therefore, the trial court erred in ordering the sale rather than remanding the property division issue to the commissioners for further deliberation. Because the commissioners' report clearly shows they could not devise a division of the property in a manner that would accomplish the results required by the consent order and there is no evidence of fraud or mistake,[3] the trial court did not err in ordering the sale.

*Judgment affirmed. All the Justices concur.*

---

[1] The partitioning was sought under OCGA § 44-6-140, the equitable partitioning statute. Whether the facts authorized an equitable partitioning as opposed to statutory partitioning under OCGA § 44-6-160 et seq. is not an issue on appeal.

[2] Although not sought in this action, OCGA § 44-6-166.1 provides an additional statutory partitioning remedy when the property cannot be equitably divided. See *Stone v. Benton*, 258 Ga. 539 (371 SE2d 864) (1988).

[3] See *Imperial Massage & Health Studio, Inc. v. Lee*, 231 Ga. 482 (202 SE2d 426) (1973) (absent fraud or mistake party cannot complain of order caused or procured by his own conduct).

DECIDED OCTOBER 18, 1999.

*Charles E. Leonard*, for appellant.
*Tyron C. Elliott*, for appellees.