A00A1171. WOOD v. WINN-DIXIE STORES, INC. et al.
(534 SE2d 556)

McMURRAY, Senior Appellate Judge.

Early one chilly, drizzly morning, Lois Wood stepped onto the painted concrete entrance ramp fronting a Winn-Dixie store, slipped and fell, injuring her right hand. Wood sued Winn-Dixie as well as NationsBank Corporation, which owns and maintains the property upon which the store is situated. The defendants moved for summary

judgment. After conducting oral argument, the trial court issued a one-sentence order granting the motion. Wood appeals. *Held*:

*Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403), sets forth a two-part test for determining whether an invitee can recover damages in a slip and fall claim. First, an invitee must prove that the defendant had actual or constructive knowledge of the hazard. Second, a plaintiff must prove that, despite the exercise of ordinary care, plaintiff lacked knowledge of the hazard due to actions or conditions within the owner/occupier's control. Id. at 748-749 (2) (b).

Viewed in the light most favorable to the nonmovant, as we are required to do on appeal from a grant of summary judgment, *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684), the evidence shows that whether the ramp presented a hazardous condition and whether the defendants had constructive knowledge of the alleged hazard are issues for a jury to decide. However, Wood has failed to demonstrate that she lacked knowledge of the alleged hazard. Accordingly, her claim fails under the second prong of *Robinson*.

Wood's expert witness, Deborah Hayes Hyde, a building safety expert whose credentials include a Ph.D. in architecture, deposed that the ramp was defective for two reasons: it did not have a slip-resistant surface, and customers had to pivot on the sloped surface before entering the store. Dr. Hyde testified that the ramp was comprised of "brushed concrete with a fairly smooth surface that had been painted over multiple times . . ."; that the paint lacked abrasive material that would increase its coefficient of friction; and that vendors loaded and unloaded their wares and entered the store using the same ramp, depositing grime and debris. Finally, Dr. Hyde testified that the ramp violated American National Standards Institute ("ANSI") standards as well as Gwinnett County Life Safety Code 5-2.5.4.3, which states that "[a] ramp shall have a slip-resistant surface."

Next, whether the defendants had constructive knowledge of the alleged hazard is an issue for jury determination. Defendants argue that the fact that no other slip and fall incidents have been reported to occur upon the entrance ramp establishes its lack of constructive knowledge as a matter of law. However, constructive knowledge can be demonstrated by failure to institute a reasonable inspection process to discover defects.

> [The duty] to exercise diligence in making the premises safe[ ] includ[es] a duty to inspect the premises to discover possibly dangerous conditions. *Robinson* at 740. The record contains no evidence as to any exercise of diligence on the part of defendant or explanation as to why the defective [paint] could not have been discovered and remedied. . . .

Consequently, whether defendant had constructive knowledge of this hazard is an issue for determination by a jury.

*Yeh v. Arnold*, 232 Ga. App. 725, 726 (503 SE2d 645). See also *Burnett v. Ingles Markets*, 236 Ga. App. 865, 867 (514 SE2d 65); *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668).

As in *Yeh*, defendants in the case sub judice put forth no evidence to show the ramp was inspected, nor any reason slip-resistant paint was not utilized. Therefore, summary adjudication of this issue was erroneous.

However, Wood's claim fails under the second prong of the *Robinson* test, which requires proof that a plaintiff "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson*, supra at 749.

It is true that the plaintiff does not bear the burden of proof on this issue until the defendant first shows that the plaintiff intentionally and unreasonably exposed herself to a hazard which she knew or, in the exercise of ordinary care, should have discerned. *Robinson*, supra at 749.

However, it is equally well established that:

> [a] claim involving a static defect differs from other slip and fall cases. . . . [W]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910).

Wood testified that prior to this incident, she had traversed the ramp three times each week for thirty years, in rainy weather as well as dry. Never before had she slipped or fallen. She also testified that the ramp had not changed in those 30 years. In addition, the store manager attested that his inspection of the store's records revealed no slip and fall claims involving the ramp. This fact establishes defendants' lack of superior knowledge of the alleged hazard as a matter of law. See *Mechanical Equip. Co. v. Hoose*, 241 Ga. App. 412 (523 SE2d 575) (evidence that plaintiff traversed steps without injury numerous times over an eight-year period precluded recovery); *Johnson v. J. H. Harvey Co.*, 240 Ga. App. 265, 266-267 (523 SE2d 95) (evidence that plaintiff traversed grocery store's concrete ramp without incident "for years" barred recovery).

Wood urges this Court to follow our holding in *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791, 792 (504 SE2d 198).

In *Flournoy* the plaintiff slipped while going down a ramp. . . . [W]e held that the rule barring recovery based on an individual's previous use of the alleged dangerous condition was inapplicable because the dangerous condition in *Flournoy* resulted from a combination of factors (the slope of the ramp, the fact that the non-skid paint had worn off and that the ramp was wet) that could not be appreciated by someone who had previously gone only up the ramp.

*Mechanical Equip. Co.*, supra at 413.

*Flournoy* is distinguishable from the case sub judice. Unlike the plaintiff in *Flournoy*, Wood had traversed the ramp numerous times in rainy weather. No evidence was offered to show that the type of paint had changed. Also, yellow stripes had been painted on the ramp, and Wood testified that she believed the stripes signified "danger." Thus, Wood's prior successful negotiation of the ramp bars her recovery.

Finally, Wood claims the absence of slip-resistant paint on the ramp constituted a violation of ANSI standards and local ordinances. Even if such violations were proved and the defendants knew they existed, Wood cannot recover because she had equal knowledge of the alleged hazard. *Febuary v. Averitt Properties*, 242 Ga. App. 137, 140 (1) (528 SE2d 880); *Hannah*, supra at 395; *Parks-Nietzold v. J. C. Penney, Inc.*, 227 Ga. App. 724, 726 (490 SE2d 133) (equal knowledge rule precluded recovery even if broken door latch in public restroom violated building code).

While this Court is to remain mindful "that the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication," this is one of those cases in which the evidence is plain and palpable that the defendants are not liable. *Robinson v. Kroger Co.*, [supra at] 748.

*Hannah*, supra at 395.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2000 —
RECONSIDERATION DENIED MAY 25, 2000

*Robert S. Windholz*, for appellant.
*Drew, Eckl & Farnham, Peter H. Schmidt II,* for appellees.