## A03A0857. CAUDELL v. TOCCOA INN, INC.
(582 SE2d 180)

JOHNSON, Presiding Judge.

Roger Caudell appeals from the trial court's order denying his protest concerning the court-ordered public sale of a sign. Caudell also appeals the earlier award of attorney fees in favor of Toccoa Inn, Inc. We find no error and affirm the trial court's judgments.

The record reveals the following undisputed facts. Toccoa Inn and Caudell as tenants in common owned a "high-rise" sign located on real property owned by Caudell. Caudell filed a partition action, seeking a public sale of the sign. Ultimately, the trial court granted Caudell's request for an equitable partition and ordered the public sale.

The trial court requested Caudell to prepare an order appointing three commissioners to conduct the sale of the sign and instructing the commissioners "as to what they are to do and when it must be done." It is undisputed that Caudell prepared an order subsequently signed by the trial judge. This order stated "that the sale shall take place on the first Tuesday of February, 2001, commencing at 9:00 a.m. EST, or as soon thereafter as is practical, at the place of conducting public sales in Stephens County, Georgia." Thereafter, pursuant to the court's order, the commissioners prepared a notice which was placed in The Toccoa Record and advertised the sale once a week for four weeks. This advertisement also provided the sale would be at 9:00 a.m.

Toccoa Inn subsequently purchased the sign at the public sale for $1. The next day, Caudell filed a protest of the sale on the basis that it was not conducted at the proper time and place. The trial court denied Caudell's protest and entered a final judgment disposing of the sale proceeds.

1. Caudell contends the trial court erred in denying his motion to set aside the public sale because the sale of the property at 9:00 a.m. contravenes OCGA § 9-13-160 (b), which provides for public sales to be held between the hours of 10:00 a.m. and 4:00 p.m. EST. He further contends that the sale of the property at the Stephens County Government Building instead of the Stephens County Courthouse contravenes OCGA § 9-13-161, which provides that public sales must be conducted at the courthouse of the county. We find no merit to either contention.

It is axiomatic that a party must be held bound by a ruling which

he invoked.[1] "One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing."[2] Here, there is no dispute that the commissioners conducted the sale at the time provided for in the order produced, proffered, and procured by Caudell.

Regarding the time of the sale, Caudell's only argument is that his attorney committed a scrivener's error in requesting the court to order a sale commencing at 9:00 a.m. EST rather than 10:00 a.m. EST. According to Caudell, although the error of the court and the error of the commissioners appointed by the court were induced by the scrivener's error made by Caudell's counsel, nonetheless Caudell and his counsel assumed the public sale would be conducted at 10:00 a.m. and did not appear for the sale until 9:45 a.m. By that time, the property had already been sold to Toccoa Inn. However, Caudell is not entitled to have the sale set aside because of unilateral mistake. Equity requires that there be fraud or inequitable conduct on the part of the other party in order to set aside the sale for unilateral mistake.[3] Here, there is no evidence of fraud or inequitable conduct on the part of Toccoa Inn.

Although the time of the sale was contrary to OCGA § 9-13-160 (b), which mandates that public sales take place between 10:00 a.m. and 4:00 p.m. EST, this error was harmless to Caudell under the circumstances. Caudell prepared the order, specifically directing the sale to take place at 9:00 a.m. He clearly had knowledge that the sale was to take place at 9:00 a.m. and explicitly agreed to this time for the sale. We find no reversible error.

We further find no reversible error regarding the place where the sale was conducted. The judicial order produced and procured by Caudell indicated that the sale was to take place "at the place of conducting public sales in Stephens County, Georgia." The legal notice published in the paper provided that the sale was to take place "before the courthouse door of the Stephens County Government Building." Caudell alleges that the sale did not take place at the Stephens County Courthouse. He also argues that the legal advertisement was misleading because it referred to both the Stephens County Courthouse and the Stephens County Government Building. The trial court found that the sale took place as provided in the judicial order and in the legal notice. We agree.

---

[1] *City of Centerville v. City of Warner Robins*, 270 Ga. 183, 185 (2) (508 SE2d 161) (1998).

[2] (Citation and punctuation omitted.) *Maree v. Phillips*, 272 Ga. 52, 54 (1) (525 SE2d 94) (2000).

[3] See *Layfield v. Sanford*, 247 Ga. 92, 93-94 (274 SE2d 450) (1981).

As the trial court noted in its order,

> [t]he fact that the commissioners of Stephens County chose to name the building housing the clerk, the courtrooms, and the judges' chambers the "Stephens County Government Building" has no bearing, as that building is the only one in which the Superior Court of Stephens County currently convenes.

Thus, while the sale might not have taken place at the building entitled the Stephens County Courthouse (which was not being used for anything at the time), the sale certainly did take place at the courthouse of Stephens County. And, contrary to Caudell's contention, the legal notice specified that the sale was to occur before the courthouse door of the building entitled the Stephens County Government Building. The trial court properly denied Caudell's protest and motion to set aside the public sale.

2. Caudell contends the trial court erred in granting attorney fees to Toccoa Inn. We find no error.

OCGA § 44-6-166.1 provides the method for partitioning property that cannot be physically divided. Both Caudell and Toccoa Inn agreed that the sign in the present case could not be physically divided. Thus, the provisions set forth in OCGA § 44-6-166.1 applied.

Under OCGA § 44-6-166.1, the first step in partitioning such property is for the court to appoint three appraisers to appraise the property. The three appraisals are then averaged to constitute the appraised price. Notice of the appraised price is then served upon the petitioner and all parties in interest.[4] Then, within 15 days after the appraised price is established and upon approval of the court, any petitioner may withdraw and become a party in interest and any party in interest may withdraw and become a petitioner. Any petitioner remaining shall be paid his respective share of the appraised price based on his interest in the property. If no petitioner remains in the partitioning action after the fifteenth day, then the partitioning action shall be dismissed.[5]

If the partitioning action is not dismissed, the parties in interest must tender to the court the amount necessary to pay the petitioner his share of the average of the appraised price based on the petitioner's interest in the property. If the parties in interest fail to tender the amount before 90 days after the appraised price is estab-

---

[4] OCGA § 44-6-166.1 (c).
[5] OCGA § 44-6-166.1 (d).

lished, then the property shall be subject to public sale pursuant to OCGA § 44-6-167.[6]

The record in the present case shows that Caudell filed a petition for statutory partitioning of the sign in January 1999. Caudell attempted to bypass the mandatory provisions of OCGA § 44-6-166.1 by requesting the court to order a public sale of the sign. The court denied Caudell's request and ordered the parties to select a panel of three appraisers to appraise the sign pursuant to OCGA § 44-6-166.1. Caudell "did not desire to accept the average of the three appraisals" and requested to withdraw as a petitioner. The court granted Caudell's request. Since the action had no petitioner, it was dismissed pursuant to OCGA § 44-6-166.1 (d).

Subsequently, Caudell filed another petition for public sale in December 1999. Again, Caudell sought to bypass the mandatory provisions of OCGA § 44-6-166.1 by requesting the court to order a public sale of the sign, the same position which the court had rejected previously. The court rejected Caudell's request and ordered that the mandatory provisions of OCGA § 44-6-166.1 be followed. In addition, the court granted Toccoa Inn's request for attorney fees, finding that by asking the court to circumvent OCGA § 44-6-166.1, Caudell asserted a claim "with respect to which there exist[s] such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim," and that the claim "lack[s] substantial justification."[7]

In support of his claim that he was attempting to establish a new theory of law, Caudell argues that there has been no direction regarding the interrelationship between OCGA §§ 44-6-166.1 and 44-6-167. According to Caudell, OCGA § 44-6-167 permits the court to order a public sale of property if the property sought to be partitioned is not sold pursuant to OCGA § 44-6-166.1. However, the legislature's intent is quite clear. Under OCGA § 44-6-166.1, a public sale of property is only ordered by the court if the party in interest fails to tender to the court an amount necessary to "buy out" the petitioner before 90 days after the appraised price has been established.[8] If the partitioning action is dismissed for lack of a petitioner, then the provisions of OCGA § 44-6-166.1 (e) (1) never apply. Caudell was not entitled to a public sale of the sign under OCGA § 44-6-167 simply because the property was not sold pursuant to OCGA § 44-6-166.1 in the first partitioning action. Giving effect to this argument would completely circumvent OCGA § 44-6-166.1 and leave it without effect.

---

[6] OCGA § 44-6-166.1 (e).
[7] OCGA § 9-15-14 (a), (b).
[8] OCGA § 44-6-166.1 (e) (1).

Caudell's reliance on *Stone v. Benton*[9] is misplaced. The *Stone* case specifically notes that a petitioner may pursue the remedy of a public sale under OCGA § 44-6-167 (1) only if the party in interest does not pay into the court the petitioner's portion of the appraised price as required by OCGA § 44-6-166.1 or (2) by convincing the court that a fair and equitable division of the property cannot be made for a number of reasons.[10]

Here, instead of filing another type of action or filing a direct action under OCGA § 44-6-167 and arguing that a fair and equitable division of the property could not be made under OCGA § 44-6-166.1, Caudell simply refiled the partitioning action under OCGA § 44-6-166.1 and asserted the very same claims that had been scrutinized and rejected by the trial court in the first partitioning action. Since the trial court had not accepted Caudell's position in the first action, it could not be reasonably believed that the court would accept the same claim in the second partitioning action. The trial court only ordered a public sale of the sign pursuant to OCGA § 44-6-167 after Caudell amended his complaint to ask for an equitable partitioning. And, the court's award of attorney fees only included the expenses incurred in responding to Caudell's same claim a second time. The trial court did not err in awarding attorney fees to Toccoa Inn under the circumstances of this case.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED MAY 9, 2003.

*Alton M. Adams,* for appellant.

*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay,* for appellee.

---

[9] 258 Ga. 539 (371 SE2d 864) (1988).
[10] Id. at 539-540.