## A06A1614. ARGO v. CHITWOOD et al.
(637 SE2d 865)

MILLER, Judge.

Delores A. Argo was injured when she fell on a flight of stairs at the home of Charles H. Chitwood (now deceased) and Joanna Causey Chitwood. Argo filed a lawsuit against the Chitwoods for personal injury. The Chitwoods moved for summary judgment, which the trial court granted. Argo then filed a motion for reconsideration, which the trial court denied. On appeal, Argo claims the trial court erred in granting summary judgment in favor of the Chitwoods and in denying her motion for reconsideration. Discerning no error, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Citations omitted.) *O'Connell v. Cora Bett Thomas Realty*, 254 Ga. App. 311 (563 SE2d 167) (2002).

So viewed, the evidence shows that Mrs. Chitwood hired Argo in January 2003 to assist her with caring for Mr. Chitwood, who had recently undergone surgery for lung cancer. On February 24, 2003, Mrs. Chitwood was assisting her husband in getting dressed for a doctor's appointment while Argo was preparing to take his wheelchair down the stairs of the Chitwood home, as she had done previously. Argo lost her balance on the top step and was dragged by the wheelchair halfway down the stairs. As Argo fell, her foot became lodged in the side rail of the stairs, which wrenched her leg. Argo broke the femur bone of her right leg in the accident, and she claimed to suffer from other physical and mental ailments as a result of the fall.

Argo admits that her own negligence caused her fall, but she maintains that her injuries were caused by the improper spacing of the side rails of the stairs. Had the balusters of the side rails not been so close together, she argues, her foot would not have gotten stuck. Argo also offered an engineering report that concluded that the balusters of the side rails were not too close together, but rather were too far apart, in violation of the applicable building code. Argo also claims that the stairs violate the building code by having riser heights that are both too tall and too varied.

In *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), the Supreme Court of Georgia established a two-part test for determining whether an invitee can recover damages in a slip and fall action. First, the plaintiff must prove "that the defendant had actual or constructive knowledge of the hazard." Id. at 748-749 (2) (b). Next, the plaintiff must demonstrate that he or she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. Accord *Wood v. Winn-Dixie Stores*, 244 Ga. App. 187, 188 (534 SE2d 556) (2000).

In order for Argo to recover, she must show that the Chitwoods' knowledge of the hazard that caused her injuries was superior to her own. *Norman v. Jones Lang LaSalle &c., Inc.*, 277 Ga. App. 621, 623 (627 SE2d 382) (2006). If Argo is unable to demonstrate that she lacked knowledge of the alleged hazard, her claim fails under the second prong of *Robinson*, and summary judgment in favor of the Chitwoods is warranted. *Wood*, supra, 244 Ga. App. at 188.

Here, Argo admits that she had previously negotiated the stairs several times during the period that she had been employed by Mrs. Chitwood, including at least one time with the wheelchair.

> A claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Citation and punctuation omitted.) *Mechanical Equip. Co. v. Hoose*, 241 Ga. App. 412, 413 (523 SE2d 575) (1999).

In *Culberson v. Lanier*, 216 Ga. App. 686 (455 SE2d 385) (1995), a plaintiff fell down stairs that had been built without side rails. This Court found that the plaintiff's "failure to watch out for her own safety was the sole proximate cause of any injuries [she] sustained" because she had traversed the stairs twice before her fall and "was fully aware of the hazard." Id. at 687. Since Argo claims that her injuries resulted from the improper construction of the stairs, her recovery is barred based on her equal knowledge of them, and her claim is not saved by her admission that her own negligence caused her fall. Moreover, even if the stairs at issue were constructed in violation of the applicable building code, the equal knowledge rule would still preclude recovery. *Wood*, supra, 244 Ga. App. at 190; see also *Norman*, supra, 277 Ga. App. at 629 (2) (c) ("[n]egligence per se does not equal liability per se, and [plaintiff's] equal knowledge of the hazard would still entitle [defendant] to summary judgment").

It was Argo's duty to come forward with specific evidence that the Chitwoods' knowledge of the alleged peril was superior to her own. *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 368 (604 SE2d 235) (2004). This she failed to do. Therefore, the trial court properly granted summary judgment to the Chitwoods and denied Argo's motion for reconsideration.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 31, 2006.

*Hartley, Rowe & Fowler, Joseph H. Fowler, Tara P. Kinney*, for appellant.

*Martenson, Hasbrouck & Simon, Edward A. Miller*, for appellees.