**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 26, 2015**

# In the Court of Appeals of Georgia

A15A1089. RIGGS v. HIGHLAND HILLS APARTMENTS, LLC
        et al.

MCFADDEN, Judge.

Todd Riggs brought this premises liability action after tripping and falling in a common area at the apartment complex where he lived. The trial court granted summary judgment to defendants Highland Hills Apartments, LLC, Sabra Property Holding, LLC, and Sabra Property Management, LLC (collectively, "the landlord"), finding that Riggs had pointed to no evidence showing either that the alleged defect – a hole in a concrete walkway – caused his fall or that the defendants had superior knowledge of the alleged defect. As detailed below, factual disputes exist as to both of these issues, precluding summary judgment, and we decline to affirm the trial court's ruling under the "right for any reason" rule because we do not find merit in

either of the landlord's other arguments (that as a matter of law Riggs had equal knowledge of the hole and failed to exercise ordinary care, and that the landlord owed Riggs a lesser duty because as a matter of law Riggs was a trespasser because he was not named on the rental application). Accordingly, we reverse.

1. *Facts and procedural history.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant of a motion for summary judgment, we review the evidence de novo, and construe all reasonable conclusions and inferences from the evidence in the light most favorable to the nonmovant." *Swope v. Greenbriar Mall Ltd. Partnership*, 329 Ga. App. 460 (765 SE2d 396) (2014) (citations omitted).

So construed, the evidence shows that on November 2, 2010, Riggs fell outside his apartment in a breezeway that was part of a common area under the landlord's control. At the time, he had lived in the apartment for nearly six months. Although the apartment was leased to his son and Riggs was not listed as a "resident" in the rental application, Riggs had personally delivered rent checks, drawn on his own bank account, to the apartment complex office. The apartment complex manager lived in a neighboring unit and shared the breezeway with Riggs.

2

In the afternoon on the day of the fall, Riggs had parked his truck in a nearby parking lot and entered the apartment briefly to retrieve his checkbook, leaving his cellular phone on the roof of the truck. As Riggs was locking the door to his apartment, the cellular phone began to ring. Riggs began quickly moving through the breezeway toward his truck by the most direct route across a piece of carpet set outside the door of the apartment next door. As soon as Riggs stepped on the carpet, his shoe (which had a non-stick sole) gripped the carpet, he felt the ground give in, and he fell in what he later determined to be a "big chip" in the concrete under the carpet.

Riggs shattered his hip in the fall and spent several days in the hospital. Upon his release, Riggs returned to the breezeway, which was in the same condition it had been in at the time of his fall. He discovered a sharp-edged hole, approximately two inches deep and ten inches in diameter, under the carpet. The hole was not visible through the carpet. There was mold beneath the carpet and brown stain marks on the concrete around its edges, and Riggs believed that the carpet "hadn't moved in quite a long time." Apartment personnel believed that the carpet had been placed there by a family that had moved into that apartment unit about five months before Riggs's fall.

In support of summary judgment, the landlord argued, among other things, that Riggs was a trespasser because he was not listed as a "resident" in the apartment agreement, and that even if he was considered an invitee the landlord had no liability because it had no knowledge of the hole and because the hole was not a hazardous condition that caused Riggs's fall. In the summary judgment ruling, the trial court assumed without deciding that Riggs was an invitee rather than a trespasser. Applying the analysis appropriate to an invitee, the trial court concluded that the landlord was entitled to summary judgment because the evidence that the hole caused Riggs's fall was speculative and, alternatively, because there was no evidence that the landlord knew of the hole. So we begin by reviewing the trial court's invitee analysis.

2. *Summary judgment was not appropriate under an invitee analysis.*

Because the landlord had control over the breezeway in the apartment common area, OCGA § 51-3-1 governs its liability. See *Patrick v. Macon Housing Auth.*, 250 Ga. App. 806, 809-810 (522 SE2d 455) (2001); *Godwin v. Olshan*, 161 Ga. App. 35, 36 (288 SE2d 850) (1982) (construing predecessor statute). Riggs argues that the landlord also is subject to liability under OCGA § 44-7-14, but that Code section deals with landlords' responsibilities for premises of which they have "fully parted with possession and the right of possession." See generally *Lake v. APH Enters.*, 306

4

Ga. App. 317, 319-320 (702 SE2d 654) (2010) (discussing when landlord is subject to liability under OCGA § 44-7-14 as opposed to OCGA § 51-3-1).

Under OCGA § 51-3-1, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." In such cases, "[t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *American Multi-Cinema v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009) (citation omitted). The trial court held that there was no evidence to show either causation or the landlord's superior knowledge. We disagree.

(a) *Causation*.

"[C]ausation is always an essential element in slip or trip and fall cases." *Pinckney v. Covington Athletic Club & Fitness Ctr.*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007) (citation omitted). When a defendant seeks summary judgment on the ground that there has been no proof of causation,

5

the plaintiff bears the burden of introducing evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

*Hobday v. Galardi*, 266 Ga. App. 780, 782 (598 SE2d 350) (2004) (citation omitted).

The record contains evidence from which a factfinder could conclude that the hole in the concrete floor of the apartment's common area was more likely than not a cause in fact of Riggs's fall. There is evidence that, at the time of the fall, there was a two-inch-deep hole beneath the carpet where Riggs stepped. Riggs testified that the conditions in the breezeway had not changed in the interim between his fall and when he looked under the carpet and saw the hole several days later. He also testified that "[a]s soon as [he] ste[p]ped on the carpet, the ground gave in and [he] fell[,]" and that he "fell in" the chipped concrete. The trial court construed Riggs's testimony to attribute his fall to the gripping of his shoes (with their special non-stick soles) on the carpet, and the trial court viewed Riggs's "assertions that a 'hole' caused him to fall to be mere after the fact speculation." See *Pennington v. WJL, LLC*, 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003) ("A mere possibility of causation is not enough

6

and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant.") (citation omitted). But although Riggs did testify that his shoes "just grabbed" the carpet, he did not testify that the gripping shoes caused his fall. Viewing the evidence most favorably to Riggs, as we must on summary judgment, the evidence shows that at the time of his fall Riggs both felt his shoes grip the carpet and felt the ground beneath the carpet give way. A jury could find from this evidence that the hole beneath the carpet, rather than the gripping shoes, caused the fall.

This evidence distinguishes the case from those slip- or trip-and-fall cases in which we found the evidence of causation to be too speculative to survive summary judgment. The alleged hazard in this case was specifically identified and there was evidence that it existed at the time of the fall. Compare *Pinckney*, 288 Ga. App. at 893 (finding only speculation that alleged hazard – algae on pool deck – was present when plaintiff slipped and fell, where algae was seen 12 days later and pool had been closed for repairs during interim); *Moore v. Teague*, 255 Ga. App. 220, 220-221 (564 SE2d 817) (2002) (plaintiff assumed she had slipped on wet floor but did not actually know if floor was wet). Moreover, Riggs did not express uncertainty about the cause

of his fall but instead, in his testimony, attributed his fall to the alleged hazard and described feeling the ground give way, a sensation consistent with stepping into a hole. Compare *Canaan Land Props. v. Herrington*, 330 Ga. App. 17, 19-20 (1) (766 SE2d 493) (2014) (plaintiff admitted uncertainty about what caused his fall); *Pinckney*, 288 Ga. App. at 893 (plaintiff testified that she had no idea what caused her to fall); *Pennington*, 263 Ga. App. at 760 (1) (although plaintiff testified to a "feeling of falling" and assumed he had tripped on a nearby pile of hoses, he had no memory of his feet striking anything and could not say whether he had tripped at all); *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (533 SE2d 765) (2000) (witnesses to accident where woman fell at top of stairwell and landed on plaintiff testified that they were not certain what caused the fall). The evidence presented a jury question on whether the hole caused Riggs's fall. See *Gilbert v. Automotive Purchasing Svc.*, 254 Ga. App. 770, 771-772 (563 SE2d 906) (2002) (evidence that plaintiff saw streak mark where her shoe had slipped on floor and that her husband had observed industrial floor cleaner on floor was sufficient to create jury issue that dangerous condition on premises caused plaintiff's fall).

(b) *The landlord's knowledge.*

8

To survive summary judgment, Riggs was required to "come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the [landlord] had actual or constructive knowledge of the [hole beneath the carpet]." *American Multi-Cinema*, 285 Ga. at 444-445 (2). "An owner/occupier is on constructive notice of what a reasonable inspection would reveal." *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000) (citations omitted).

The evidence in this case presented a jury question on whether a reasonable inspection would have revealed the hole to the landlord. Viewed most favorably to Riggs, the evidence authorized a finding that the carpet that covered the hole had been placed there only a few months before Riggs's fall, when new residents moved into the neighboring apartment. Accordingly, the jury could find that, for some period of time, there was an uncovered hole in the common breezeway through which the apartment manager walked daily to access her own apartment. There also was evidence that the landlord inspected apartment units when there was a change of tenant, and the jury could find that, in this case, such an inspection would have occurred at a time when the hole in front of the apartment door was uncovered.

Even if the jury found that the hole always had been covered by the carpet, the jury still could find that the landlord had constructive knowledge of it. Although the

9

record in this case contains evidence that the landlord conducted regular inspections of the common areas in the apartment complex, there is no evidence that such inspections included looking under the carpets or mats that residents placed in the breezeways outside their apartment doors. But the owner/occupier of property has a duty to "inspect[ ] the premises to discover possible dangerous conditions of which [it] does not have actual knowledge," *Jackson*, 245 Ga. App. at 373 (1), and it is for the jury to determine whether it would be reasonable for the landlord to inspect the condition of the floor beneath carpets and mats in common areas, especially in light of evidence that at other places in the breezeway the concrete floor was worn and deteriorating. See *American Multi-Cinema*, 285 Ga. at 445 (2) ("issues such as how closely [an owner/occupier] should monitor its premises and approaches [and] what [it] should know about the property's condition at any given time . . . must be answered by juries as a matter of fact rather than by judges as a matter of law"). Although the landlord argues that such an inspection would constitute extraordinary care not required of it, see *Amenise v. Adventist Health Sys./Sunbelt*, 219 Ga. App. 591, 594 (466 SE2d 58) (1995), nothing in the record explains why such an effort would be extraordinary. See *Yeh v. Arnold*, 232 Ga. App. 725, 726 (503 SE2d 645) (1998) (where "the record contains no evidence [of] any explanation as to why the

10

[hazardous condition] could not have been discovered and remedied," jury question exists as to "whether defendant had constructive knowledge of th[e] hazard"); see also *Wood v. Winn-Dixie Stores*, 244 Ga. App. 187, 189 (534 SE2d 556) (2000). A jury, rather than this court, should assess the reasonableness of the landlord's inspections.

3. *The judgment need not be affirmed under the "right for any reason" rule.*

In its motion for summary judgment to the trial court, the landlord also argued that Riggs had knowledge of the hole at least equal to that of the landlord, that he failed to exercise ordinary care, and that he should be viewed as a trespasser rather than an invitee on the premises. Although the "right for any reason" rule permits us to affirm a grant of summary judgment on other grounds if the movant raised the issue in the trial court and the nonmovant had fair opportunity to respond, see *Georgia-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013), none of the landlord's other arguments have merit.

(a) *Riggs's knowledge of the hole and exercise of ordinary care.*

The landlord argues that it is entitled to summary judgment because its knowledge of the hole was equal to or less than that of Riggs, who crossed the breezeway daily. See *Lee v. Food Lion*, 243 Ga. App. 819, 821 (534 SE2d 507)

11

(2000). Alternatively, the landlord argues that, as a matter of law, Riggs did not exercise ordinary care when he stepped on the carpet. We disagree.

Although Riggs had noticed deteriorating concrete at other places in the breezeway, there is no evidence that he had ever seen the hole beneath the carpet in front of his neighbors' door, and he testified that, before the day of his fall, he had never crossed the carpet that lay over the hole. "It is a plaintiff's knowledge of the *specific* hazard which precipitates the [trip] and fall which is determinative, not merely [his] knowledge of generally prevailing hazardous conditions[.]" *Jackson*, 245 Ga. App. at 374 (2) (citation and punctuation omitted; emphasis supplied). Riggs asserts that he did not see the hole and has presented evidence from which a jury could find that it would not have been conspicuous to him. "Under these circumstances, we cannot conclude that, as a matter of law, [Riggs's] failure to see the [hole] was unreasonable or showed a lack of ordinary care." *Bullard v. Marriott Intl.*, 293 Ga. App. 679, 682 (667 SE2d 909) (667 SE2d 909) (2008) (citations omitted). See also *American Multi-Cinema*, 285 Ga. at 445 (2) ("issues such as . . . how vigilant [invitees] must be for their own safety in various settings, and where [they] should be held responsible for looking or not looking are . . . questions that, in

12

general, must be answered by juries as a matter of fact rather than by judges as a matter of law").

(b) *Riggs's status as a trespasser rather than an invitee.*

Finally, the landlord argues that Riggs should be treated as a trespasser rather than an invitee because he was not among the authorized residents of the apartment listed on the rental application. If Riggs were deemed a trespasser, the landlord would owe him a more limited duty. See *Gomez v. Julian LeCraw & Co.*, 269 Ga. App. 576, 578 (1) (b) (604 SE2d 532) (2004) ("A landowner owes only a minimal duty to a trespasser: to avoid wilfully or wantonly injuring him or her.") (citations omitted). In support of its argument, the landlord points to a decision in which we held that an unauthorized resident of an apartment was a trespasser rather than an invitee. Id. at 578 (1) (a). In that case, however, we noted that the resident "offered no evidence that the landlord or its management company consented to – or even knew about – her presence in the apartment." Id. Here, in contrast, there is evidence from which a jury could find that the landlord was aware of and tacitly consented to Riggs's presence. The apartment manager lived on the same breezeway as Riggs, and Riggs personally delivered rent checks, drawn on his own bank account, to the apartment complex

13

office. Consequently, we cannot say that, as a matter of law, Riggs was a trespasser in the apartment to whom the landlord owed a more limited duty.

*Judgment reversed. Ellington, P. J., and Dillard, J., concur in the judgment only*.

A15A1089. RIGGS v. HIGHLAND HILLS APARTMENTS, LLC    DI-055


DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As a result, the majority's opinion decides only the issues presented in the case *sub judice* and may not be cited as binding precedent. *See* Court of Appeals Rule 33 (a).